May Term,
1841.

Woods
v.
Anderson.

---

## Woods *v.* Anderson and Wife.

A defendant in an action of slander may prove, under the general issue, the general bad character of the plaintiff in mitigation of damages; and, therefore, the defendant's affidavit for a continuance in such case, on account of the absence of witnesses by whom that fact could be proved, cannot be objected to on the ground that the witnesses are not material.

Saturday,
July 3.

ERROR to the *Jefferson* Circuit Court.

Blackford, J.—This was an action of slander in which *Jane Sheridan,* whilst sole, and who is now the wife of *William Anderson,* was plaintiff, and *Woods* defendant. Plea, the general issue. Verdict and judgment for the plaintiff.

At the term to which the writ was returnable, and after issue joined, the defendant moved for a continuance of the cause on account of the absence of witnesses resident in another county. The motion was founded on an affidavit in the usual form, stating the names of the witnesses, the facts to be proved, that they had been subpœnaed in time, that no others were known by whom the same facts could be proved, and that it was believed their attendance could be had at the next term. The continuance was refused. It was the general bad character of the plaintiff that was to be proved by the witnesses named in the affidavit; and it is said that if nothing more could be proved by them, their absence was no cause for a continuance.

We think that the matter expected to be proved by the witnesses in question was admissible, in this case, in mitigation of damages. *Earl of Leicester* v. *Walter*, 2 Camp. 251. ———— v. *Moor*, 1 Maule and Selw. 285. That being so, the witnesses named in the affidavit were very material for the defendant; and their absence, under the circumstances, was a good ground for a continuance.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*M. G. Bright,* for the plaintiff.

*J. L. White,* for the defendants.