*N. O. Ross* and *R. P. Effinger*, for the appellees.

———————————

## RICHARDSON *v.* BARKER.

In an action for slander, evidence of the witnesses who heard the words spoken, that they did not believe them, is not admissible in mitigation of damages.

Under an answer in general denial of a complaint for slander, the defendant may prove, in mitigation of damages, a declaration of the plaintiff that he had not been injured by the speaking of the words.

APPEAL from the *Hendricks* Circuit Court.

GOOKINS, J.—This was an action by *Barker* against *Richardson*, for verbal slander. The plaintiff obtained a verdict. Motion for a new trial overruled, and judgment.

On the trial, after the plaintiff had closed his evidence, the defendant offered to prove, by the plaintiff's witnesses, in mitigation of damages, that they did not believe what the defendant had told them, in reference to the plaintiff. He also offered to prove by other witnesses that the plaintiff had said he was not injured by the speaking of the words by the defendant, set forth in the complaint. The Court excluded this evidence, as a bill of exceptions states, on the ground and for the reason that the proof was inadmissible under the issue joined between the parties. The only issue on the record was the defendant's denial of the matters contained in the complaint. We have the following statutory provisions, which bear upon the question: The 2 R. S., p. 44, s. 74, provides that matters alleged in the complaint, and not specifically denied by the answer, shall be taken as true; but allegations of value or amount

of damage, shall not be considered as true by the failure to controvert them. The same statute, p. 45, s. 91, is as follows: Under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove. Sec. 90. In the construction of a pleading for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties. These provisions apply to actions generally. There is also the 87th section, which applies to this class of actions. It provides that in all actions for libel or slander, the defendant may allege the truth of the matter charged as defamatory, and mitigating circumstances to reduce the damages, and give either or both in evidence.

Suppose the evidence offered admissible under any form of pleading, the question is, was it admissible under a general denial? We think it was. Damages were the sole object of the suit, and the amount of them, after the plaintiff had proved the speaking of the words, was the only matter to be found. This the pleadings did not admit. If the defendant had been put to his answer, what could he have alleged as a mitigating circumstance to authorize the introduction of this evidence? Not that the plaintiff had said he was not injured; for it is the office of pleadings to allege facts, not the evidence which proves them. All that he could have alleged, then, was that the plaintiff was not injured to the extent claimed. This his general denial did.

Where the matter relied on in mitigation of damages consists of facts, and not the mere evidence of them, such as that the plaintiff was a person of bad character, according to *Woods* v. *Anderson*, 5 Blackf. 598, or that there was a general suspicion of the plaintiff's guilt of the crime charged, according to *Henson* v. *Veatch*, 1 *id.* 369, perhaps the defendant would be required, under the 87th section, to set up the matter in his answer.

We are next to consider whether the evidence offered was admissible under any form of pleading. The first part of it, that is, that the witnesses who heard the slander did not believe it, was clearly not admissible. We do not

know whether this offer was based upon the defendant's bad, or the plaintiff's good character. If the former, we know of no rule that would authorize a defendant to prove that he was unworthy of belief, to mitigate the force of a false and malicious charge. If the latter, we are as little disposed to establish a rule that a man's exalted character and moral worth shall be the occasion of permitting every one to slander him with impunity, merely because such false and malicious charges will not be believed.

The plaintiff's statement that he was not injured, we think was admissible. The general rule is, that the declarations of a party against his own interest, are evidence for his adversary. We see no reason why this case should form an exception. How much the plaintiff may have known about the effect of the slander, is not for us to determine. He assumed to know something about it, and the jury were competent to weigh that declaration with all the other evidence in the case.

The appellee objects that the bill of exceptions does not show that the ruling of the Court, in excluding this evidence, was excepted to at the proper time. The 2 R. S., p. 115, s. 343, contains the following: " The party objecting to the decision, must except at the time the decision is made; but time may be given to reduce the exception to writing," &c. The cases of *Jones* v. *Van Patten*, 3 Ind. R. 107, *Roberts* v. *Higgins*, 5 *id.* 542, and *Weatherly* v. *Higgins*, 6 *id.* 73, require that it should appear by the record, that the exception was taken at the time the decision was made. The language of this bill of exceptions is not as explicit as it might have been; but we think that, taken altogether, it shows that the exception was taken at the proper time.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. C. Newcomb* and *J. S. Harvey*, for the appellant.

*C. C. Nave*, for the appellee.