## Alvin Porter v. William Henderson.

In an action for slander, for words actionable in themselves, where general damages only are claimed, the defendant is not entitled to show in mitigation of damages under the general issue, that "during the six years prior to the suit inveterate feelings of hostility had existed between the plaintiff and the defendant, and that the plaintiff had taken every opportunity to irritate the defendant."

In an action for slander in charging plaintiff with perjury, evidence is not admissible on behalf of defendant, that on an occasion not appearing to have any connection with the matter in controversy, the plaintiff called him a liar and a perjured wretch.

PORTER *v.* HENDERSON.

Nor where general damages only are alleged is evidence admissible in mitigation of damages that plaintiff has stated that the slander complained of did him no damage.

*Heard July 12th. Decided November 18th.*

Error to Lapeer Circuit. The case is sufficiently stated in the opinion.

*A. B. Maynard* and *A. C. Baldwin,* for plaintiff in error, to the point that evidence of long continued hostility between the parties should have been admitted, referred to 8 *Wend.* 602; 8 *Gratt.* 31; *Farr v. Rasco,* 9 *Mich.* 323. To the other point, that evidence was proper that plaintiff (below) had stated the slander did him no injury, they cited:— 7 *Ind.* 567; 5 *T. B. Monr.* 363; 32 *E. L. & E.* 544.

*Crofoot & Dewey,* and *C. I. Walker,* contra, cited:— 3 *B. & C.* 113; *Ry. & M.* 422; 13 *Pick.* 503; 4 *Wend.* 336; 7 *Wend.* 560.

MARTIN CH. J.:

This is an action of slander for words actionable in themselves. The declaration claimed general damages only, and the plea was the general issue. At the trial it appears that the utterance of the words charged to be slanderous was proven, and that the defendant (plaintiff in error) offered testimony in mitigation of damages, which the Court rejected; and upon the rulings and decisions of the Circuit Judge in rejecting such testimony error is assigned: *First,* that the Court below "refused to allow evidence that during the six years prior to the trial inveterate feelings of hostility had existed between the plaintiff and defendant, and that the plaintiff had taken every opportunity to irritate the defendant."

In this ruling there is no error. The declaration charges the defendant with the uttering of words imputing to the plaintiff perjury in testifying upon the trial of an indictment

against one Shipley and one Baker, and also of words imputing larceny. The trial of the indictment occurred in August, 1859, and the slanderous words are charged to have been spoken in the March following; and as the bill of exceptions furnishes no specific information of the times and occasions when the words were spoken, we can draw no inference that any of them were uttered before the trial; and indeed as to those imputing perjury, it is clear that they must have been uttered after. "It is obvious that the purposes of justice require us to look as far as practicable to the conduct and motives of both parties in connection with the subject matter of the grievance, in order to estimate fully and fairly the amount of damages sustained by the one, and of retribution which ought to be made by the other. If the plaintiff has been free from blame, and has been made the victim of the defendant's cool and deliberate malice, the case presented is widely different from one where the plaintiff, by his own misconduct, occasioned or provoked the injurious imputation." But I apprehend there must be either some misconduct or some provocation immediately occasioning the grievance, or so connected with it as to furnish to some degree a reason or excuse for it, to allow the act of the defendant to mitigate the damages the law would otherwise award for the injury. The proposition in this case was too broad, as it tended to show no immediate provocation, or proper motive; but on the contrary malice and inveterate hostility on the part of the defendant as well as on that of the plaintiff, for years prior to the alleged injury. The plaintiff in error was rather benefited than damnified by the rejection of this offer, as the malice and hostility of the one afforded no excuse for that of the other, nor was the continued inveterate hostility of the one a provocation sufficient in the eye of the law to justify retaliatory hostility, or to mitigate damages for an unjustifiable and unprovoked injury. The offer of the plaintiff in error was,

in reality, to show that he was moved by vindictiveness to utter the alleged slander. This is neither a justification nor an excuse, in ethics or in law for a wanton wrong. General evidence that the plaintiff had been in the habit of slandering the defendant is inadmissible to mitigate damages for slander deliberately uttered : — 3 *B. & C.* 113 ; *R. & M.* 422 : much more, I think, would · be the testimony offered in this case, which tended to show mutual hostility, but no overt act or immediate provocation for the slander. It is only in cases where the provocation is so recent as to induce a fair presumption that it occasioned the utterance of the slanderous words, and that they were spoken during the continuance of the feelings and passions excited by such provocation, that evidence of provocation can be admitted for the purpose of mitigating the damages which would otherwise be assessed for the injury done. See *Child v. Homer,* 13 *Pick.* 503 ; *Beardsley v. Maynard,* 4 *Wend.* 336 ; *S. C.* 7 *Wend.* 560.

It is secondly assigned as error that the Court refused to permit the defendant to prove, that on the occasion of a trial at Thornville, before a Justice of the Peace, the plaintiff called him a liar and perjured wretch. The foregoing reasons are equally applicable to show that there was no error in this ruling. But a further reason arises from the indefiniteness of the offer. The affair at Thornville is not shown to have any connection with the alleged grievance, or as having been any provocation to it. It appears to have been offered as evidence of hostility, or as a justification for retaliatory words, spoken, perhaps, long afterwards. In no light can I view the evidence as proper.

The last error assigned is upon the refusal of the Court to allow Townsend to testify that the plaintiff had stated that the statements of Porter did him no damage. I can see no error in this ruling. The elements of redress in an action for slander are the wrong done to the plaintiff, and the malice or vicious intent of the defendant; and

where no special damages are alleged, the jury are left to determine the amount of damages according to the character and enormity of the injury; and they are assessed as retributory rather than compensatory. Consequently, although the plaintiff may have declared that the words did him no injury, yet the jury might have thought the conduct of the defendant such as to demand exemplary damages; and they would not be bound by such admission. Had the plaintiff claimed special damages, or that he sustained any special injury, so that damages might be said to be the sole object of the suit, as it is said they are in *Richardson v. Barker*, 7 *Ind.* 567, then, undoubtedly, his statement that he has sustained no *special* damage or injury would be competent evidence to go to a jury in mitigation of damages, and perhaps in bar of the action. But from the utterance of words actionable in themselves, the law conclusively presumes some damage to have resulted, and through the intervention of a jury assesses the damages according to the nature and character of the grievance; and if special damages be not alleged, those given by the verdict may be said to be retributory, and not compensatory. The idea of compensation does not arise, for no standard for determining the amount of injury is given. But it was argued that the admission should be received as the declaration of a party against his own interest; and *Richardson v. Barker*, is relied upon in support of this proposition. To the authority of that case I do not yield. I do not well see how such an admission, if made, can be regarded as ·a declaration against a party's interest. which would bind him. It is but an expression of opinion as to the effect of the grievance, and as such can have no binding force. Those declarations and admissions which bind the party making them, and which he is estopped to deny, are declarations or admissions of facts by which the rights of others are or may be affected, and must be

made with a purpose of affecting or influencing the judgment or action of another. But the loose conversations of one respecting the effect of a particular act upon himself can affect no right of any other party, and consequently can not be binding upon any one.

The case of *Evans and wife v. Smith*, 5 *T. B. Monr.* 363, is referred to as sustaining this allegation of error. But that decision rests upon a very different principle, and of its correctness I have no question. That was slander of the wife; and evidence showing that the husband had said he did not believe that the defendant originated the report against his wife, and that he had merely related what he had heard, but that it was necessary to sue somebody to stop the report, was held admissible in mitigation of damages, as it went to the circumstances of the slander, and the motives of the defendant, and to the question of malicious intent; as well also as to the object in bringing the suit. But the effect of the slander was not involved in the admission, nor so considered by the Court. It introduced no new rule of damages; while the proposition of the defendant in this case, if allowed, would tend to establish this rule; The fairer the character of the plaintiff, the less the injury, and consequently the smaller the damages to be given. Such a rule can not be tolerated.

The judgment is affirmed.

The other Justices concurred.