## Winklebleck *v.* Winklebleck et al.

[No. 20,028.  Filed May 19, 1903.]

HUSBAND AND WIFE.—*Action by Married Woman.—Pleading.—Answer.* —In an action by a married woman on a note given to her by her husband and another, if there exists any reason on account of coverture or otherwise why such person who had joined her husband in the execution of the note should not perform his agreement, such reason must be set up in an answer to be available as a defense. An answer of no consideration is insufficient to raise the issue. *pp. 572, 573.*

TRIAL.—*Instruction.—Weight of Evidence.—Invading Jury's Province.*— An instruction "That when witnesses are otherwise equally creditable, and their testimony otherwise entitled to equal weight, a greater weight and credit should be given to those whose means of information were superior, and also to those who swear affirmatively to a fact, rather than to those who swear negatively, or to a want of knowledge, or to a want of recollection," is erroneous, as being an invasion of the province of the jury. *p. 574.*

From Cass Circuit Court; *D. H. Chase*, Judge.

Action by Margaret Winklebleck against Andrew Winklebleck and Homer C. Winklebleck, her husband,

From a judgment for plaintiff against Andrew Winklebleck, he appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*M. Winfield* and *G. C. Taber,* for appellant.
*J. C. Nelson, Q. A. Myers, S. T. McConnell, A. G. Jenkines* and *B. C. Jenkines,* for appellees.

HADLEY, C. J.—Appellees are husband and wife. Appellant is the father of Homer C. . Appellee Margaret sued appellant and her husband, Homer C., in two paragraphs of complaint: First, on a promissory note dated Chicago, Illinois, July 1, 1893, calling for $700, payable on demand to said appellee at the First National Bank of Logansport, Indiana, with six per cent. interest, and which purports to have been executed by the defendants in the name and style of A. & H. C. Winklebleck, in which firm name it is alleged appellant and appellee Homer were then trading. The second paragraph was based upon an account for services as clerk and bookkeeper. Homer C. was summoned as a defendant, but did not appear, and was not defaulted. The suit was waged between Margaret Winklebleck as plaintiff, and Andrew Winklebleck as the only real defendant. Andrew answered in ten paragraphs, in general denial, confession and avoidance, and set-off. Trial by jury, and verdict and judgment for plaintiff on the first paragraph of her complaint for $1,014.15 against Andrew Winklebleck alone. Appellant's motion for judgment in his favor on the general verdict and answers to interrogatories was overruled, as was also his motion for a new trial. All adverse rulings are properly assigned as error.

The jury, by their answers to interrogatories, find that at the time the note sued on was executed appellees were, and had been since 1889, husband and wife, and were and had been all their married life living with appellant in Chicago, Illinois, as members of his family. The money sued for in the first paragraph, to wit, $700, was loaned to appel-

lant individually, and for his separate use and benefit, and was acquired by the plaintiff from her husband and her father-in-law (appellant) after and during the said marriage. The services for which the plaintiff sues in her second paragraph of complaint, and the account for boarding, clothing, and moneys furnished her, as pleaded in appellant's answers of set-off, mutually accrued while the parties were living together as one family, and the claim of each was the equivalent of the other.

Under the issue formed on the first paragraph of the complaint by an answer of no consideration, appellant first contends that the court erred in refusing to give to the jury his request number seven, and also for the same reasons erred in overruling his motion for judgment on the verdict and answers to interrogatories. The instruction requested and refused was, in substance, this: If the jury find that the parties were residents of the state of Illinois from 1890 to 1900, and that during that time the plaintiff was living with her husband, and while so living acquired money through her husband and the defendant, and in June, 1893, she had in bank $700, such money, under the common law, which is presumed to be the law of Illinois, was the absolute property of her husband; and, if the note in suit was given for such money, the note would be simply an evidence of the debt, and the debt would be due to Homer C. Winklebleck her husband, and not to the plaintiff, and the plaintiff can not therefore recover. The instruction was properly refused because not applicable to any issue in the case. The question goes to the right of the plaintiff to maintain the action. Under our statute a married woman may sue alone when the action concerns her separate property. §255 Burns 1901. The note in suit is a written contract, which appellant entered into with Mrs. Winklebleck, and by which he received of her $700 which he agreed to pay back to her. It is therefore presumptively her separate property, and if there exists any reason on account of her coverture or oth-

erwise not disclosed by the record, why he should not perform his agreement, or why she should not maintain the action, it must be set up in answer to be available as a defense. Boone, Code Pl., §152; *Dillaye* v. *Parks,* 31 Barb. 132.

Appellant urges that the question arises under his answer of no consideration. His contention being that the undisputed evidence and the answers to interrogatories show that by the operation of the common law, which must be presumed to prevail in Illinois, the money the wife had was the absolute property of her husband, and when she loaned it to appellant it became and was a debt due the husband, which was not extinguished by the giving of the note to the wife, and which would not be discharged by payment to the wife; and that the execution of the note to the wife for money loaned by the husband was without consideration. The position is untenable. The evidence and the answers to interrogatories appealed to show conclusively that appellant did receive a consideration for the note. He received from the wife the full amount of money called for by the note he gave her. It might have been the wife's even under the common law. The husband may have waived his right to it in favor of his wife. Or the sum may have been acquired from the husband and appellant under such circumstances that a court of equity would not permit the husband to claim it, or reduce it to possession as against the wife. The husband was a party to the action, and set up no claim against her. Appellant received from the wife an undisputed title to the money borrowed, and whether it belonged to the husband or the wife was a question between them. Appellant had no right to settle it for them. It is absurd to say that the husband, being a party, and remaining passive while the wife claimed and recovered the money of appellant, could afterwards enforce payment to himself. The instruction assumes that there could be no circumstances under which the wife would have a right to the money, or

the right to sue for it. This was too broad under any issue that could have been made.

In the third instruction given by the court of its own motion concerning the duty of the jury in weighing the evidence it was said: "That when witnesses are otherwise equally creditable, and their testimony otherwise entitled to equal weight, a greater weight and credit should be given to those whose means of information were superior, and also to those who swear affirmatively to a fact, rather than to those who swear negatively, or to a want of knowledge, or to a want of recollection."

Appellee claims, and the record fairly shows, that the chief contest was over the consideration of the note sued on in the first paragraph of the complaint. Appellee's unequivocal claim is that the note was given for $700 loaned to appellant, while, on the other hand, appellant in his testimony is just as positive that he received no consideration at all; that he executed the note at the urgent request of his daughter-in-law at a time when he was in ill health, to enable her to get some of his life insurance money in the event of his death, and under her distinct promise that she would make no claim on the note during his life; and further that he executed the note in the name of A. & H. C. Winklebleck further to please appellee, while the fact was there was not then, and never had been, such a partnership, and his son had nothing to do with the note. Two or three other witnesses and other evidence corroborated appellee, while one other witness, a sister of appellant, who claims to have been present, and to having seen the note signed, and to have heard all the conversation between appellant and appellee leading up to it, fully corroborated the appellant. The jury, in answer to an interrogatory, found that the money was loaned as claimed by appellee. To do this they were required to believe some witnesses and disbelieve others. The testimony was in irreconcilable conflict. It was the exclusive right of the jury to determine this conflict for

themselves, and in the doing of it to give to the testimony of each witness the weight and credit they believed him entitled to, as tested by their individual experiences in human conduct. It is the duty of the court to aid the jury by calling their attention to such facts and circumstances as may reasonably and naturally be expected to throw light upon the truthfulness or falsity of statements of witnesses, and also to caution the jury against the consideration of such things as the law forbids; but within the limits of their proper range the jury must be left free to decide, each for himself, what witness or class of witnesses is entitled to the greatest consideration. This has always been the law in this State, and an instruction in the precise language as that under consideration has been held erroneous. *Jones* v. *Casler,* 139 Ind. 382, 395, 47 Am. St. 274. For reasons given above we are unable to say how far, if at all, the jury were influenced in their finding by the charge complained of, and hence unable to say that appellant was not damaged thereby.

There are other questions in the case, arising upon instructions given and refused, which we have not considered for the reason that the questions involved may be easily avoided upon a retrial.

For error of the court in the giving of instruction numbered three the cause must be reversed. Judgment reversed, and cause remanded, with instructions to grant appellant a new trial.