## MUNCIE, HARTFORD & FT. WAYNE RAILWAY COMPANY v. LADD.

[No. 5,485.    Filed January 5, 1906.]

1. TRIAL.—*Instructions.*—*Credibility of Witnesses.*—*Invasion of Province of Jury.*—The weight and credibility of testimony are questions exclusively for the jury, and an instruction stating that some testimony is of greater weight than other testimony is an invasion of the province of the jury.  p. 93.

2. SAME.—*Instructions.*—*Credibility of Witnesses.*—*Interest.*— *Invasion of Province of Jury.*—*Curing Error.*—An instruction that "as a general rule a witness who is interested in the result of a suit will not be as honest, candid and fair in his testimony as one who is not interested" is an invasion of the province of the jury, and such error is not cured by a further statement in such instruction that "the degree of credit to be given to each and all of the witnesses is a question for the jury alone to determine."  p. 94.

From Randolph Circuit Court; *J. W. Macy,* Judge.

Action by Richard Ladd against the Muncie, Hartford & Ft. Wayne Railway Company.  From a judgment on a verdict for plaintiff for $800, defendant appeals.  *Reversed.*

*James W. Brissey, Bracken & Bracken, A. L. Nichols, A. L. Bales* and *J. P. Goodrich,* for appellant.

*A. R. Templer,* for appellee.

ROBINSON, J.—Action by appellee for damages for a personal injury.  Upon a trial the jury returned a verdict for appellee, and also answers to interrogatories.  Appellant assigns as error, overruling the demurrer to each of the paragraphs of complaint, overruling its motion for judgment on the answers to interrogatories and overruling its motion for a new trial.

Among others, the court gave to the jury the following instruction:  "(4).  You are the judges of the credibility of witnesses and the weight to be attached to the testimony

of each and all of them. In determining the weight to be given to the testimony of the different witnesses in this case, it is proper for the jury to consider the relationship of the witnesses to the parties, if the same be true, their temper, feeling and bias, if any have been shown; their demeanor while testifying, their apparent intelligence and their means of information, and to give such credit to the testimony of each witness as, under all the circumstances, such witness seems to be entitled to.' In determining the issues in this case you should take into consideration the whole of the evidence and all the facts and circumstances proved on the trial, giving to the several parts of the evidence such weight as you think they are entitled to. When witnesses are otherwise equally credible, and their testimony otherwise entitled to equal weight, greater weight and credit should be given to those whose means of information are superior. While it is your duty carefully to scrutinize and weigh the evidence of all the witnesses in the case, still it is your sworn duty to give proper credit to the evidence of each and all the witnesses, and, if possible, to reconcile all the evidence in the case with the presumption that each witness has intended to speak the truth. The credit of a witness depends upon two things—his ability to know what occurred and his disposition for telling, the truth as to the occurrence. One of the tests for telling the credibility of a witness is his interest in the result of the suit. As a general rule, a witness who is interested in the result of a suit will not be as honest, candid and fair in his testimony as one who is not interested; but the degree of credit to be given to each and all of the witnesses is a question for the jury alone to determine. While you are the judges of the evidence, it is your duty to take the law as given you by the court."

The first paragraph of complaint avers that appellant is an interurban electric railway company carrying passengers for hire; that stop Five, a station on appellant's line,

is constructed by having set on edge large planks three inches thick and eight or ten inches wide and ten to fifteen feet long in the form of a square and filled with cinders; that on the night of April 15, 1903, appellee took passage and paid his fare to stop Five; that it was 11:15 o'clock p. m. and very dark; that the car stopped at stop Five, and appellee started to leave the car; that, while on the last step and in the act of stepping off, appellant's servants in charge of the car, without appellee's knowledge and without any warning, and while appellee was stepping from the car, carelessly and negligently started the car with a jerk, throwing appellee to the ground and against the edge of the platform, causing injuries; that appellant's act in starting the car without first warning appellee and without appellee's knowledge and before he had reasonable time to leave the car and descend from the same to the platform was the cause of the injuries.

The second paragraph is substantially the same as the first, except it is averred that at the time of the injury appellant had neglected to fill the hollow square with cinders or any other substance, and had negligently placed the unfilled structure, the top of which was eight or ten inches from the top of the ground, at a distance of not to exceed eighteen inches from the car steps.

Whether appellee's injuries were caused by the negligence of appellant in starting the car with a jerk, without warning, and before appellee had time to get off the car, were essential facts of appellee's case. This claim is supported by the testimony of appellee and another witness, while the testimony of appellant's witnesses is to the effect that the car remained standing for a minute or more, that warning was given of the starting of the car, and that it started slowly and gradually. Appellee's counsel concede in their brief that the evidence is contradictory and give the rule as to weighing the evidence. The same is true concerning the evidence of witnesses as to whether the in-

juries received by appellee were permanent or temporary. To determine these questions the jury were required to believe some witnesses and to disbelieve others. One of the appellee's witnesses was the only witness who testified that he saw appellee as he was alighting from the car.

In *Winklebleck* v. *Winklebleck* (1903), 160 Ind. 570, the court instructed the jury as follows: "That when witnesses are otherwise equally creditable, and their

1. testimony otherwise entitled to equal weight, a greater weight and credit should be given to those whose means of information were superior, and also to those who swear affirmatively to a fact, rather than to those who swear negatively, or to a want of knowledge, or to a want of recollection." In holding this instruction erroneous the court said: "It was the exclusive right of the jury to determine this conflict for themselves, and in the doing of it to give to the testimony of each witness the weight and credit they believed him entitled to, as tested by their individual experiences in human conduct. It is the duty of the court to aid the jury by calling their attention to such facts and circumstances as may reasonably and naturally be expected to throw light upon the truthfulness or falsity of statements of witnesses, and also to caution the jury against the consideration of such things as the law forbids; but within the limits of their proper range the jury must be left free to decide, each for himself, what witness or class of witnesses is entitled to the greater consideration. This has always been the law in this State, and an instruction in the precise language of that under consideration has been held erroneous. *Jones* v. *Casler* [1894], 139 Ind. 382, 395, 47 Am. St. 274. For reasons given above we are unable to say how far, if at all, the jury were influenced in their finding by the charge complained of, and hence unable to say that appellant was not damaged thereby." See *Woollen* v. *Whitacre* (1883), 91 Ind. 502; *Cline* v. *Lindsey* (1887), 110 Ind. 337; *Durham* v. *Smith*

(1889), 120 Ind. 463; *Duvall* v. *Kenton* (1891), 127 Ind. 178, and cases cited.

That part of the instruction which says that "as a general rule, a witness who is interested in the result of a suit will not be as honest, candid and fair in his testimony as one who is not interested; but the degree of credit to be given to each and all of the witnesses is a question for the jury alone to determine," is also objectionable. Appellee was the only witness who testified who had a pecuniary interest in the result of the suit, and if the jury must necessarily have understood that the interest referred to was a pecuniary or direct interest appellant could not complain of the instruction. But there are few lawsuits, in which a number of witnesses testify, in which it is not sought to show, for the purpose of affecting their credibility, that some of the witnesses have been, during the trial, taking an active interest, although they will have no pecuniary or direct interest in the result of the suit. Whether an interested witness will be an honest witness or a dishonest witness—and he must be one or the other—is not a matter of law. If the statement be true at all, it is not a legal presumption, but a matter of fact of which the jury in each particular case are the exclusive judges. See *Veatch* v. *State* (1877), 56 Ind. 584, 26 Am. Rep. 44; *Greer* v. *State* (1876), 53 Ind. 420. It is true in the above cases the instruction had reference to the defendant's testimony, and the instructions called attention to the fact that he had been a witness in his own behalf. But the reason given for holding the instruction erroneous is applicable in the case at bar. In the instruction now in question, the statement that the degree of credit to be given each and all witnesses is a question for the jury alone does not render harmless the statement immediately preceding, for the reason that the court states, as matter of law, the degree of credit that must usually be given witnesses in different situations, and closes the instruction with the statement

that, while the jury are the judges of the evidence, it is their duty to take the law as given by the court. The motion for a new trial should have been sustained.

Judgment reversed.

Roby, C. J., Myers and Wiley, JJ., concur. Black, P. J., and Comstock, J., absent.