## H. P. REMINGTON v. JOHN GEISZLER.

(152 N. W. 661.)

From a recovery by verdict of $1,000 damages for alleged slander of plaintiff by defendant, the latter appeals.

---

Note.—The question of privilege of an informal communication made to an officer of the law with respect to the misconduct or criminal offense of another seems to

**Slander — damages — action for — defense of truthfulness of statements charged — instructions — failure to instruct as to truth of statements — error.**

1. The defense was that the alleged slanderous statements were true, and their utterance was admitted in six of the eight instances charged. The court instructed the jury fully as to the plaintiff's side of the case, but failed to instruct as to the effect of the proof of the truth of the alleged slanderous statements. *Held* error.

**Instructions — testimony of impeached witnesses — effect of — failure to instruct upon.**

2. The court's instructions permitted the jury to disregard the testimony of witnesses impeached on immaterial matters, and constituted a misinstruction concerning impeachment of witnesses.

**Witnesses — credibility of — instructions on.**

3. Error was committed in the instructions given on credibility of witnesses, the court instructing upon the weight of the testimony.

**Privileged communications — by defendant to state's attorney.**

4. The jury were not given a plain instruction upon an alleged privileged communication made by defendant to the state's attorney in his attempt to procure issuance of a warrant of arrest.

**Plaintiff — statements made to persons named — questions relating thereto — times and places shown — error to refuse.**

5. Error was committed in refusing to permit plaintiff to be examined as to whether he made statements to persons named, at times and places shown, that the alleged slanderous statements did him no injury.

**Slanderous statements — truth or falsity of — promissory note — change of after execution — evidence as to making "without interest" — exclusion of — error.**

6. The truth or falsity of the alleged slanderous statements turned on whether a promissory note given by defendant to one C., but drawn by Remington, in his office in the presence of defendant, C., and the stenographer of plaintiff, Amanda Nelson, when drawn, contained an interest-bearing clause. Defendant claimed it was to bear no interest. It was negotiated, and, when presented to defendant, contained a provision calling for interest at 12 per cent. The alleged slander consisted of statements made by defendant accusing Remington of having changed the note after its delivery by insertion of the words, "interest at 12 per cent." The jury by their verdict found Remington had not

depend on the question whether it was made in good faith, see notes in 4 L.R.A. (N.S.) 149, and 32 L.R.A.(N.S.) 740.

On the question of truth as a defense to libel or slander, see notes in 21 L.R.A. 502; 31 L.R.A.(N.S.) 132; and 50 L.R.A.(N.S.) 1040.

altered it.  Amanda Nelson was called as a witness of plaintiff, and testified. to having seen defendant sign the note and Remington then hand it to C., who put it in his pocket; and that Remington did not have the note in his possession after it was signed, the parties then leaving Remington's office.  The effect of this was to disprove any opportunity of Remington to change the note after it was signed.  In the cross-examination it was shown that there was a discussion concerning interest when Geiszler signed the note.  She was then asked in cross-examination whether she "heard Geiszler say to Remington and C. that he would give his note without interest."  The answer was excluded as without the scope of proper cross-examination.  *Held* error, as such a statement, if made, could be shown to characterize the acts done and as bearing directly upon the important issue of fact in the case.

**Jury — verdict — judgment.**

7. It cannot be said that the jury would probably have returned the same verdict had these errors not been committed.  The judgment appealed from is ordered set aside and a new trial granted.

(Opinion filed April 27, 1915).

Appeal from the District Court of Richland County on change of venue from McIntosh County, *Allen,* J.

G. M. Gannon and *Purcell, Divet & Perkins,* for appellant.

It is the duty of the court to charge on all material points, whether requested so to do or not.  He shall instruct upon the *whole* law of the case—not upon a part only.  Rev. Codes 1905, § 7021; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224; State ex rel. Pepple v. Banik, 21 N. D. 425, 131 N. W. 262; Zilke v. Johnson, 22 N. D. 83, 132 N. W. 640, Ann. Cas. 1913E, 1005; Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Capital City Brick & Pipe Co. v. Des Moines, 136 Iowa, 243, 113 N. W. 839; Hume v. Des Moines, 146 Iowa, 624, 29 L.R.A.(N.S.) 126, 125 N. W. 849, Ann. Cas. 1912B, 904; Owen v. Owen, 22 Iowa, 270; Barton v. Gray, 57 Mich. 622, 24 N. W. 638.

The giving of an erroneous instruction raises an immediate presumption of prejudice which calls for the reversal of the case.  McKay v. Leonard, 17 Iowa, 569; Hook v. Craghead, 35 Mo. 380; Freeman v. Rankins, 21 Me. 446; Hayne, New Trials, § 287; Rosenbaum Bros.

& Co. v. Hayes, 5 N. D. 481, 67 N. W. 951; McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685.

The failure of the court to instruct the jury concerning the defense of justification by proving the truth of the charge, in a slander case, is reversible error. Burnham v. Stone, 101 Cal. 164, 35 Pac. 627; Relf v. Rapp, 3 Watts & S. 21, 37 Am. Dec. 528; Virtue v. Creamery Package Mfg. Co. 123 Minn. 17, L.R.A.1915B, 1179, 142 N. W. 930, 1136; Greengard v. Burton, 88 Minn. 252, 92 N. W. 931; Forzen v. Hurd, 20 N. D. 54, 126 N. W. 224; Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Troy Min. Co. v. Thomas, 15 S. D. 238, 88 N. W. 106; Crow v. Burgin, — Miss. —, 38 So. 625; Memphis Street R. Co. v. Newman, 108 Tenn. 666, 69 S. W. 269; Souey v. State, 13 Lea, 472; Nashville, C. & St. L. R. Co. v. Egerton, 98 Tenn. 541, 41 S. W. 1035; Wooten v. State, 99 Tenn. 189, 41 S. W. 813; International G. N. R. Co. v. Williams, — Tex. Civ. App.—, 129 S. W. 847; Bangle v. Missouri, K. & T. R. Co. — Tex. Civ. App. —, 140 S. W. 374; Murphy v. Connecticut Co. 84 Conn. 711, 81 Atl. 961.

Each party is entitled to an instruction upon his theory of the case, if it is supported by any evidence. Waniorek v. United R. Co. 17 Cal. App. 121, 118 Pac. 947; Julius Winter, Jr. & Co. v. Forrest, 145 Ky. 581, 140 S. W. 1005; Barton v. Gray, 57 Mich. 622, 24 N. W. 638; Whittaker v. McQueen, 128 Ky. 260, 108 S. W. 236; Duncan v. Brown, 15 B. Mon. 186; Bisbey v. Shaw, 12 N. Y. 67; Hart v. Sun Printing & Pub. Asso. 79 Hun, 358, 29 N. Y. Supp. 434; Republican Pub. Co. v. Miner, 12 Colo. 77, 20 Pac. 345.

An instruction upon a legal proposition not involved in the case is erroneous. Welter v. Leistikow, 9 N. D. 283, 83 N. W. 9; Bertelson v. Chicago, M. & St. P. R. Co. 5 Dak. 313, 40 N. W. 531, 11 Am. Neg. Cas. 269; Chisholm v. Keyfauver, 110 Cal. 102, 42 Pac. 424; Frederick v. Kinzer, 17 Neb. 366, 22 N. W. 770; Summerlot v. Hamilton, 121 Ind. 87, 22 N. E. 973; Hickman v. Link, 116 Mo. 123, 22 S. W. 472; Boyce v. Aubuchon, 34 Mo. App. 315; Knudson v. Laurent, 159 Iowa, 189, 140 N. W. 392; O'Neil v. Cardina, 159 Iowa, 78, 44 L.R.A.(N.S.) 1175, 140 N. W. 196; Larson v. Chicago, M. & St. P. R. Co. 31 S. D. 512, 141 N. W. 353; Haight v. Vallet, 89 Cal. 245, 23 Am. St. Rep. 465, 26 Pac. 897; Sargent v. Linden Min. Co. 55 Cal. 204, 3 Mor. Min. Rep. 207; Baltimore Elevator Co. v. Neal, 65

Md. 438, 5 Atl. 338; Waddingham v. Hulett, 92 Mo. 528, 5 S. W. 27; Scott v. Clayton, 54 Wis. 499, 11 N. W. 595; Abbott, Trial Brief, Civil, 676 note 1, and cases cited; Iverson v. Look, 32 S. D. 321, 143 N. W. 332; Blair v. Groton, 13 S. D. 211, 83 N. W. 48; Bowen v. Epperson, 136 Mo. App. 571, 118 S. W. 528; Jones v. Matthieson, 2 Dak. 523, 11 N. W. 109.

The giving of a correct charge as to part of a case will not overcome the reiteration of an erroneous charge as to some other part of the case. Rosenbaum Bros. & Co. v. Hayes, 5 N. D. 481, 67 N. W. 951; Lindblom v. Sonstelie, 10 N. D. 145, 86 N. W. 357; Marshall v. Heller, 55 Wis. 392, 13 N. W. 236.

A communication made in good faith to a prosecuting officer, concerning the commission of a crime, is privileged. Eames v. Whittaker, 123 Mass. 342; Klinck v. Colby, 46 N. Y. 427, 7 Am. Rep. 360; Dale v. Harris, 109 Mass. 193; Chapman v. Battle, 124 Ga. 574, 52 S. E. 812; Craig v. Burris, 4 Penn. (Del.) 156, 55 Atl. 353.

If the court does not properly instruct the jury as to the law on the subject of the impeachment of witnesses, it is reversible error. McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436; State v. Johnson, 14 N. D. 288, 103 N. W. 565; McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; State v. Campbell, 7 N. D. 58, 72 N. W. 935.

An instruction that greater weight should be given to the testimony of a witness whose information is superior, is reversible. It attempts a comparison of the witnesses, and only tends to confuse the jury as to what is meant, or what is required of them. Winklebleck v. Winklebleck, 160 Ind. 570, 67 N. E. 451; Jones v. Casler, 139 Ind. 382, 47 Am. St. Rep. 274, 38 N. E. 812; Muncie, H. & Ft. W. R. Co. v. Ladd, 37 Ind. App. 90, 76 N. E. 790; Hudson v. Best, 104 Ga. 131, 30 S. E. 688; Southern Mut. Ins. Co. v. Hudson, 113 Ga. 434, 38 S. E. 964; Frizell v. Cole, 42 Ill. 362.

Trial courts should not merely read or substantially read the pleadings to the jury, but should explain the real issues raised by the pleadings and covered by the evidence. The jury should be told the meaning of the different pleadings and allegations; they should, by their instructions, simplify rather than involve the issues. Swanson v. Allen, 108 Iowa, 419, 79 N. W. 132; Gorman v. Minneapolis & St. L. R. Co. 78

Iowa, 518, 43 N. W. 330; Robinson v. Berkey, 100 Iowa, 136, 62 Am. St. Rep. 549, 69 N. W. 434; Black v. Miller, 158 Iowa, 293, 138 N. W. 535; Stevens v. Maxwell, 65 Kan. 835, 70 Pac. 873; 11 Enc. Pl. & Pr. 154; Kansas City, Ft. S. & M. R. Co. v. Eagan, 64 Kan. 421, 67 Pac. 887, 11 Am. Neg. Rep. 418; Kansas City, Ft. S. & M. R. Co. v. Dalton, 66 Kan. 799, 72 Pac. 209; 38 Cyc. 1608, and cases cited; Baltimore & O. R. Co. v. Lockwood, 72 Ohio St. 586, 74 N. E. 1071, 18 Am. Neg. Rep. 590; Murray v. Burd, 65 Neb. 427, 91 N. W. 278.

Evidence that plaintiff was damaged by causes other than the publications made by the defendant is admissible. Consolidated Traction Co. v. Mullin, 63 N. J. L. 22, 42 Atl. 764; Yaeger v. Southern California R. Co. 5 Cal. Unrep. 870, 51 Pac. 190; Wier v. Allen, 51 N. H. 177.

The defendant is only liable for the damage which he has occasioned; the damage must be the result of the injury of which complaint is made,—the legal, proximate consequences of the words spoken. 2 Saunders, Pl. & Ev. 927; 2 Greenl. Ev. §§ 254, 420; King v. Watts, 8 Car. & P. 614; Dixon v. Smith, 5 Hurlst. & N. 450, 29 L. J. Exch. N. S. 125; Olmsted v. Brown, 12 Barb. 657; Vickars v. Wilcocks, 8 East, 1, 9 Revised Rep. 361; 2 Starkie, Ev. 873; Miller v. Hamilton Brown Shoe Co. 89 S. C. 530, 72 S. E. 397, 27 Ann. Cas. 106; Newell, Defamation, Slander, p. 899; Fowler v. Fowler, 113 Mich. 575, 71 N. W. 1084, and cases cited; 8 Enc. Ev. 270, and cases cited; 25 Cyc. 418; Comstock v. Smith, 20 Mich. 348.

Statements made by plaintiff that slanders did not hurt him are admissible. McKelvey, Ev. 124; 1 Enc. Ev. 504, and cases cited; 16 Cyc. 978, et seq. and cases cited; 2 Sedgw. Damages, § 450; Samuels v. Evening Mail Asso. 6 Hun, 5; Porter v. Henderson, 11 Mich. 20, 82 Am. Dec. 59; Richardson v. Barker, 7 Ind. 567; Evans v. Smith, 5 T. B. Mon. 363, 17 Am. Dec. 74; Hobart v. Plymouth County, 100 Mass. 159.

Conversations between plaintiff and defendant, overheard by witnesses, are admissible. State v. Kent (State v. Pancoast) 5 N. D. 547, 35 L.R.A. 518, 67 N. W. 1052; McKelvey, Ev. 343, et seq.; 16 Cyc. 1148, et seq.; People v. Barker, 60 Mich. 277, 1 Am. St. Rep. 501, 27 N. W. 548; Beal v. Nichols, 2 Gray, 264; 2 Phillipps, Ev. p. 898; 16 Cyc. 1148, et seq.

*T. A. Curtis* and *Forbes & Lounsbury,* for respondent.

Counsel cannot sit quietly by and listen to the charge of the trial court to the jury, and make no request for instructions upon any ques-. tion, and then come into the supreme court and complain that the court failed to instruct as it should have done.  Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; State ex rel. Pepple v. Banik, 21 N. D. 425, 131 N. W. 262; Zilke v. Johnson, 22 N. D. 83, 132 N. W. 640, Ann. Cas. 1913E, 1005; 11 Enc. Pl. & Pr. 217, et seq.

It is proper to give an instruction in the language of our Code.  This is especially true where no explicit instruction is requested.  Bertelson v. Chicago, M. & St. P. R. Co. 5 Dak. 313, 40 N. W. 531, 11 Am. Neg. Cas. 269; State v. Campbell, 7 N. D. 58, 72 N. W. 935.

If instructions as a whole are correct in law, they are sufficient.  They cannot be broken up or singled out.  Boyle v. State, 105 Ind. 469, 55 Am. Rep. 218, 5 N. E. 203; Hart v. Newton, 48 Mich. 401, 12 N. W. 508; Pennsylvania Co. v. McCormack, 131 Ind. 250, 30 N. E. 27; State v. Williams, 70 Iowa, 52, 29 N. W. 801; Davis v. Walter, 70 Iowa, 465, 30 N. W. 804; 1 Blashfield, Instruction to Juries, pp. 875, 876; McBride v. Wallace, 17 N. D. 495, 117 N. W. 857; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841; Sackett, Instruction to Juries, p. 33; United Breweries Co. v. O'Donnell, 221 Ill. 334, 77 N. E. 547; Bowers v. People, 74 Ill. 418; Gill v. Crosby, 63 Ill. 190; State v. Waln, — Idaho, —, 80 Pac. 221.

An instruction that greater weight should be given to the testimony of a witness who is shown to have possessed greater means of knowledge and information concerning the matter on which he was testifying is held proper by many authorities.  In any event, it was not in any way prejudicial in this case.  Sackett, Instructions to Juries, 1st ed. p. 31; People v. Bodine, 1 Edm. Sel. Cas. 36; Grabill v. Ren, 110 Ill. App. 587; Fifer v. Ritter, 159 Ind. 8, 64 N. E. 464; Re Wharton, 132 Iowa, 714, 109 N. W. 492; Missouri P. R. Co. v. Moffatt, 56 Kan. 667, 44 Pac. 607; St. Louis & S. F. R. Co. v. Brock, 69 Kan. 448, 77 Pac. 86.

In any event, courts will not set aside verdicts simply because of the giving of an irrelevant or even an erroneous instruction, unless they

can see and say that the giving of such instruction may have been prejudicial. 11 Enc. Pl. & Pr. 180, and cases cited; State v. Denny, 17 N. D. 519, 117 N. W. 869; Fowler v. Iowa Land Co. 18 S. D. 131, 99 N. W. 1095; Stewart v. State, 111 Ind. 554, 13 N. E. 59; State v. Price, 75 Iowa, 243, 39 N. W. 291; Bassett v. Inman, 7 Colo. 270, 3 Pac. 383; Robinson v. Imperial Silver Min. Co. 5 Nev. 44, 10 Mor. Min. Rep. 370; Sharon v. Minnock, 6 Nev. 377; 1 Blashfield, Instruction to Juries, p. 877, and cases cited.

Rumors or statements concerning respondent, other than those charged against appellant, are not admissible. Evidence of general reputation must be confined to a period of time at or prior to the publication of which plaintiff complains. 25 Cyc. 419, and cases cited; 8 Enc. Ev. 280, and cases cited; Townsend, Slander, 2d ed. § 411; Newell, Defamation, p. 890; 18 Am. & Eng. Enc. Law, 2d ed. 1101, and cases cited; Bathrick v. Detroit Post & Tribune Co. 50 Mich. 629, 45 Am. Rep. 63, 16 N. W. 172.

In a slander case the defendant cannot show, in the reduction of compensatory damages, that the same libelous charge was published in other papers. Miller v. Cook, 124 Ind. 101, 24 N. E. 577; Folwell v. Providence Journal Co. 19 R. I. 551, 37 Atl. 6; 25 Cyc. 516, and cases cited; 1 Jones, Ev. 1906 ed. § 149; Krulic v. Petcoff, 122 Minn. 517, 142 N. W. 897, Ann. Cas. 1914D, 1056; Gripman v. Kitchel, 173 Mich. 242, 138 N. W. 1041; Newell, Defamation, 890; 18 Am. & Eng. Enc. Law, 1102; 8 Enc. Ev. 229, 278, 279, 285, 306, and cases cited.

In such a case, evidence tending to prove rumors detrimental to the plaintiff was not admissible under the pleadings. No mitigating circumstances are pleaded in the answer. Wrege v. Jones, 13 N. D. 267, 112 Am. St. Rep. 679, 100 N. W. 705, 3 Ann. Cas. 482; Lauder v. Jones, 13 N. D. 525, 101 N. W. 907; Fenstermaker v. Tribune Pub. Co. 13 Utah, 532, 35 L.R.A. 611, 45 Pac. 1097; Willover v. Hill, 72 N. Y. 37; Adamson v. Raymer, 94 Wis. 243, 68 N. W. 1000; Hahn v. Lumpa, 158 Iowa, 560, 138 N. W. 492; Hess v. Sparks, 44 Kan. 465, 21 Am. St. Rep. 300, 24 Pac. 979; 13 Enc. Pl. & Pr. 73, 77; 25 Cyc. 464, 465; Ladwig v. Heyer, 136 Iowa, 196, 113 N. W. 767; Townshend, Slander & Libel, 2d ed. 561.

Compensatory damages may properly include recompense for loss of

patronage; imputations of lack of fitness; want of necessary moral trait; dereliction in professional practice; or injury to the feelings, mental anxiety, and suffering. 3 Sutherland, Damages, pp. 659, 668; 1 Bouvier's Law Dict. 4th ed. p. 366; 8 Am. & Eng. Enc. Law, pp. 542, § 7, 543.

Plaintiff's statement, if made, that defendant's charges did him no harm, is wholly immaterial, and not binding on him. The law itself concludes that damages follow a false and slanderous statement by one of another, and such statement on the part of plaintiff was not an admission against his own interest which would bind him. Porter v. Henderson, 11 Mich. 20, 82 Am. Dec. 59.

Goss, J. Plaintiff brings this action to recover damages because of certain alleged slanderous and defamatory statements uttered by defendant about him to others. Eight separate causes of action in slander are set forth. All was said of and concerning a single transaction wherein Geiszler had executed and delivered to one Curtis a promissory note for $50, drawn by Remington and signed and delivered in his office. Geiszler claims to have read the note carefully before signing it, and that it bore no interest, and by necessary inference charges that it was materially altered by the insertion of "interest at 12 per cent." When the note was discounted at the bank it contained those words. Remington claims the note bore that interest when signed. Geiszler charges that it bore none, but was altered by Remington. On the day it was signed it was taken by Curtis to the bank for discount, and while he and Remington were there, or shortly afterwards, defendant appeared and was shown the note by the banker. He says he then discovered it had been altered to bear interest. He immediately went to Remington and Curtis, who happened to be at the depot. Curtis was about to take the train. Words there passed between defendant and plaintiff over the interest matter, defendant charging such alteration and plaintiff warmly denying it. In justice to Remington it should be stated that the jury in effect have found that the note was not altered, but bore interest when signed. The state's attorney of that county was also at the depot, and Geiszler immediately made complaint to him and requested a warrant of arrest for Remington for forgery. This was refused. Subsequently on various occasions Geiszler made similar ac-

cusations against Remington to others. These statements made at different times to different people are set forth under eight different causes of action. The first cause of action is based upon the narration of events by defendant to state's attorney Gannon, as made at the depot. To this cause of action defendant admits that he made the statements he is charged therein with making, but justifies the statements made as having been "wholly and entirely true," and made without malice, and secondly as being absolutely privileged, as a privileged communication uttered to a prosecuting officer as a part of a complaint made for the purpose of initiating a criminal prosecution for a crime of forgery, believed by defendant to have been committed. The second, third, fourth, fifth, and eighth causes of action are, so far as the words therein uttered are concerned, admitted, but by way of affirmative defense are justified as but a statement of the truth based on fact and uttered without malice. Defendant denied the utterance of the alleged slanderous words charged to have been uttered by him and set out in the sixth and seventh causes of action.

The most serious of the assignments of error are directed at the oral charge of the court. One of these taken is that the court has not instructed or given the jury to understand that, if they found that the statements charged by plaintiff to have been slanderous were in fact but the truth, they should find for the defendant. This assignment is well taken. Its omission constitutes a failure to instruct upon the main and sole affirmative defense to five of the causes of action, and to one of the two defenses to the first cause of action, the statement made to the state's attorney. Though defendant has justified by pleading the truth of the statements as his defense, the court has not instructed upon the effect of his defense, if found established. And this, too, when the defendant has admitted making the statements attributed to him in five of the causes of action. The court extensively and minutely instructed as to plaintiff's right of recovery, instructing at length concerning malice, actual and presumed. In short, there is an entire omission to charge upon the defense to six of these alleged causes of action, as the effect of the proof of the truth is entirely omitted. It is urged that, because the court defined slander, and in so doing stated it to be "a false and unprivileged publication other than libel;" that the jury was inferentially informed that, in order to find slander as a fact, they must

have found the statement to have been false, but defendant had the right to a plain and unmistakable instruction as to the consequences to follow proof of his defense. The importance of this is the more apparent under the court's instructions that the defendant admitted, by answer, making the statements set forth in six of the causes of action, and that "the burden of proof is upon the defendant to establish by a preponderance of the evidence each of the affirmative allegations of his answer," to absolve himself from compensatory damages. A careful examination of the charge reveals it to be at least close to the border line as an extreme instruction in plaintiff's favor, taken as a whole, without a single statement therein upon defendant's theory of defense. In effect the jury are fully instructed as to every claim of plaintiff, the extent to which the law will permit a recovery on the admitted statements of the defendant; that the jury could infer malice and thereon base a recovery granting both compensatory and punitive damages; but without an instruction outlining the law applicable to a defense to such admitted statements made. Respondent's counsel recognize this to be the situation, but seek to avoid its consequences by contending that "it seems to us ridiculous to say that twelve men, who were considered sufficiently intelligent to form a jury in this case, could listen to the testimony of the witnesses and the various altercations and arguments of counsel in the case for a period of more than a week, and then hear the instructions which the record shows the court gave the jury, without knowing that the main controversy in the case was the truth or falsity of the defamatory words set forth in the complaint, and that if the words were true the verdict must be for the defendant." Carried to its logical conclusion this same reasoning would dispense altogether with instructions. It is the equivalent of arguing that, had the jury not been instructed, their finding should be considered as made with knowledge of the law, because they must have gotten it at some time during the course of the trial in "the various altercations and arguments of counsel in the case." It is quite likely that a jury might draw more nearly correct conclusions from a standpoint of abstract justice without instructions, than it would where the plaintiff's side is fully presented, and defendant's affirmative defenses are wholly uninstructed upon. In any event this cure of error contended for can only lead to the ridiculous result of allowing the jury to speculate upon the law ap-

plicable to the case, or compel them to get such instructions from the attorneys' arguments in the case, which, to say the least, is not altogether conducive to wholly satisfactory results. ·A court should hesitate before affirming the findings of the jury returned under these circumstances. Putnam v. Prouty, 24 N. D. 517–530, 140 N. W. 93, 38 Cyc. 1691B.

The court instructed that "the jury are at liberty to disregard the statements of such witnesses, if any there be, as have been successfully impeached either by direct contradiction or in any other legal manner, except in so far as such witnesses have been corroborated by other credible evidence or by facts and circumstances proved on the trial. If you believe that any witness has knowingly and wilfully sworn falsely as to any material matter in issue, then you are at liberty to disregard the whole or any part of the testimony of such witness which has not been corroborated by other witnesses or by surrounding circumstances proved on the trial." Exception is taken to this as a misinstruction in that direct contradiction is not necessarily impeachment, that impeachment is not defined, and that the impeachment or falsity found, if any there be, is not confined to material testimony or issues. The instruction is open to all of these criticisms, and constituted a misinstruction. as to matters of law, and misleading. See McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; State v. Campbell, 7 N. D. 58–66, 72 N. W. 935; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280–288, 91 N. W. 436; State v. Johnson, 14 N. D. 288, 103 N. W. 565. If the admission of impeaching testimony upon a collateral issue is reversible error, as was held in Schnase v. Goetz, 18 N. D. 594, 120 N. W. 553, an instruction permitting a jury to reject the entire testimony of a witness because he may be found to have been impeached upon immaterial matters must likewise be considered reversible error.

The court instructed "that when witnesses are otherwise equally credible, and the testimony otherwise equally entitled to equal weight, the greater weight and credit should be given to the testimony of those whose means of information is superior, and also to those who swear affirmatively to fact, rather than to those who swear negatively or to a want of knowledge or want of recollection." This instruction invades the province of the jury in several particulars. It is an instruction upon the weight of evidence, a matter solely for the jury. It undertakes to

direct them, as a matter of law, to the weight to be given to affirmative and negative testimony, that they should take the testimony of those affirming a fact, rather than those giving negative testimony. The weight of either kind of evidence was not for the court. It should have been left for the jury to determine. If otherwise permissible, "may" should have been used instead of "should," but even then the instruction would be subject to criticism at least. This identical instruction, nearly word for word, is found at § 3303, Brickwood's Sackett on Instruction, under the heading "Erroneous Instructions," and as held in Winklebleck v. Winklebleck, 160 Ind. 570, 67 N. E. 451; Jones v. Casler, 139 Ind. 382, 47 Am. St. Rep. 274, 38 N. E. 812; Muncie, H. & Ft. W. R. Co. v. Ladd, 37 Ind. App. 90, 76 N. E. 790; Hudson v. Best, 104 Ga. 131, 30 S. E. 688; Southern Mut. Ins. Co. v. Hudson, 113 Ga. 434, 38 S. E. 964; Frizell v. Cole, 42 Ill. 362. Instructions somewhat similar have been sustained in negligence cases where witnesses swear to hearing a bell rung, and others give negative testimony that they did not hear a bell rung. But this instruction as given is improper. Exceptions taken thereto are sustained.

Exception is taken to the court's instruction concerning the communication of defendant to the state's attorney, claiming that the defendant was entitled to an instruction that, if the jury found the statement was a privileged communication, it should find for the defendant on that cause of action. The jury were not so instructed except by inference, and defendant was doubtless entitled to a plain instruction to that effect. But this omission was not reversible error, because the jury by their verdict found Geiszler's claim, upon which he made the complaint to the state's attorney untrue, the equivalent of finding the complaint unwarranted and the attempted prosecution not in good faith. Defendant was entitled to a plain instruction, however. It is mentioned in view of a new trial.

In the instructions is found the following: "If the defendant lacks a legal excuse for the slander of the plaintiff, the law presumes malice, and the defendant ought to respond to the full extent of the actual injury done the plaintiff." This instruction was given in connection with damages punitive and compensatory. As no exception is taken thereto, it is not discussed more than to say that it is open to criticism. This is said in view of a new trial.

However, the assignments of error, based upon the refusal to permit plaintiff to answer as to whether at times and places mentioned he had not stated to two different persons named, after a basis had been laid for the question, "In the course of that conversation you stated, did you not, that Geiszler's statement didn't hurt you?"—were error. The question called for an admission against his own interests directly concerning the damages arising from these slanders, a matter that he himself by his pleadings and his testimony had placed in issue. It was error to not permit defendant the benefit of what would have been his admission had he answered the question in the affirmative. 8 Enc. Ev. 263; 2 Sedgw. Damages, 9th ed. § 450; Porter v. Henderson, 11 Mich. 20, 82 Am. Dec. 59; Evans v. Smith, 5 T. B. Mon. 363, 17 Am. Dec. 74; Hobart v. Plymouth County, 100 Mass. 159.

In the cross-examination of Amanda Nelson, stenographer for plaintiff and present when the note in question was signed by Geiszler, she was asked these questions, and made these answers:

Q. You heard these discussions, did you not, of the matters in their settlement?

A. I did hear some talking going on.

Q. In the discussion that was had, it is a fact, is it not, that you did hear discussed the question as to whether or not that note should bear interest?

A. Yes, I did hear Geiszler say something about interest.

Q. It is a fact, is it not, at that time that you heard Geiszler say to Remington and Curtis that he would give his note without interest? Objected to as irrelevant, immaterial, and not proper cross-examination, and not having been touched upon in the direct-examination.

By the Court: Sustained.

The exclusion of this testimony was clearly error. Defendant was entitled to an answer to this question. It was directed to the most vital part of the entire transaction, and the very occurrence upon which turned the truth or falsity of the charges set up as slanderous. Had this witness answered the question in the affirmative, a different verdict might have resulted, as it would have corroborated Geiszler and impeached the plaintiff; and this, too, from a disinterested listener. Plaintiff says

that appellants have not specifically assigned this as error. It is argued in the brief and classified therein among the errors alleged and even indexed. Its omission in the formal statement of errors assigned was evidently an oversight, otherwise it would not have been briefed. Respondent urges the objection that the question was beyond the scope of the direct-examination. The witness was called by plaintiff, testified to her employment by him, and that she was still in his employ; that she was present when the note was executed; that Remington, Geiszler, and Curtis also were there; testified as to their places in the room when the note was signed; that Geiszler signed the note; that she saw Remington hand it to Curtis, who put it in his pocket; that Geiszler left ahead of them; that Remington did not have the note in his possession after it was signed. The effect of this testimony was to make full proof of execution and delivery of the note, and to negative any change in it by Remington adding interest to the note, as Geiszler claims was done, and was upon the crucial point in the whole case; but yet she was not permitted to testify in answer to whether Geiszler stated when he signed the note "that he would give his note without interest." This amounted to prejudicial error.

This sufficiently covers the assignments of error presented for consideration. It is not necessary to pass upon other errors assigned, as they will not necessarily arise on another trial. Everything considered, it is impossible to permit the verdict to stand in the face of the errors assigned and sustained. Cases of this nature are difficult to try, but it cannot be said that the jury would have returned the same verdict had the record been free from the errors discussed in this opinion. A new trial must therefore be granted, and it is so ordered.