## THORVALD HUSTAD, Respondent, v. INTERNATIONAL OIL COMPANY, a Corporation, Appellant.

(202 N. W. 814.)

**Trial — defense — contributory — negligence — instructions directing verdict upon finding of certain facts should not ignore any theory of defense justified by pleadings and sustained by evidence.**

1. Where contributory negligence is interposed as a defense to an action for a wrongful injury, an instruction is erroneous which directs the jury to find in favor of the plaintiff on certain facts, stated in the charge, without any reference whatever to the facts that tend to show contributory negligence. Such a charge amounts to misdirection. Instructions that direct a verdict upon the finding of certain facts should not ignore any theory of defense justified by the pleadings and having support in the evidence.

**Appeal and error — failure to instruct upon essential and controlling questions in case held error.**

2. Failure to instruct upon essential and controlling questions in the case, for reasons stated in the opinion, held error.

Opinion filed February 28, 1925.

Appeal and Error, 4 C. J. § 3013 p. 1031 n. 34. Constitutional Law, 12 C. J. § 212 p. 782 n. 99. Motor Vehicle, 28 Cyc. p. 49 n. 49. Trial, 38 Cyc. p. 1634 n. 13.

Appeal from the District Court of Ward County, *Lowe*, J.

Reversed.

*Francis Murphy*, for appellant.

It is the appellant's contention that the words "trial by jury" as

Note.—(1) Ignoring issues in instructions, see 14 R. C. L. 793; 3 R. C. L. Supp. 287; 4 R. C. L. Supp. 920; 5 R. C. L. Supp. 778.

used in such constitutional provision meant a trial by a jury as known to the common law in the territory of Dakota at the time of its admission to the Union as a State. Berry v. Truax, 13 N. D. 137; Smith v. Kunert, 17 N. D. 120; Grisby v. Larson, 124 N. W. 856; Mc-Kenny v. McKinzie, 127 N. W. 597; Con. Min. Co. v. Struthers, 111 Pac. 155; State ex rel. Jackson v. Kenner, 60 Pac. 589; People v. Martin, 21 A.L.R. 1403, 205 Pac. 121.

No party has been or shall be deprived of the right of trial by jury in cases cognizable at common law. American Pub. Co. v. Fisher, 166 U. S. 464, 41 L. ed. 1079, 17 Sup. Ct. Rep. 618; Walker v. N. W. R. Co. 165 U. S. 593, 41 L. ed. 837.

The 7th Amendment secured unanimity in finding a verdict as an essential feature of trial by jury in common law cases, and an act of Congress could not impart the power to change the constitutional rule, and could not be treated as attempting to do so. Springville City v. Thomas, 166 U. S. 707, 41 L. ed. 1172.

Where a jury trial is a matter of right, the legislature has no power to enact laws permitting verdicts by less than the whole number of jurors, except when especially authorized by constitutional warrant. Note to Miami Copper Co. v. State, Ann. Cas. 1916E, 500.

Due process of law in a State is regulated by the law of the State. See Walker v. Sauvinet, 92 U. S. 90, 23 L. ed. 678; Maxwell v. Dowe, 176 U. S. 581, 44 L. ed. 597.

The statute expressly confers upon either the trial court or the Supreme Court the power to order a reduction of the verdict, in lieu of a new trial or to order a new trial unless the other party remit the excess, and by a necessary implication, to order a new trial without such reduction. Carpenter v. Dickey, 26 N. D. 184; Waterman v. Minneapolis, St. P. & S. Ste. M. R. Co. 26 N. D. 540; Reid v. Ehr, 36 N. D. 556.

*Sinkler & Brekke* and *Palda & Aaker,* for respondent.

The opinion has been expressed that the conviction required to overcome the presumption in favor of a statute must be clear and strong, and it has been said that a law should never be lightly overthrown or set aside as unconstitutional. 6 R. C. L. 97.

The primary duty of the courts is to construe statutes with reference to the constitution, and only when that is clearly violated by a pro-

vision of a statute may the courts declare such provision unconstitutional. 6 R. C. L. 100.

In consequence of the general presumption in favor of the validity of acts of the legislature and the desires of the courts in resolving all doubts in favor of their validity, the rule has become established that courts will not search the constitution for express sanction, nor for reasonable implication to sustain a legislative enactment, but the successful assailant must be able to point out the particular provision that has been violated, and the ground on which it has been infringed. 6 R. C. L. 102.

The courts do not sit to review the wisdom of legislative acts, and it is not for the courts to decide whether a law is needed and advisable in the general government of the people. 6 R. C. L. 107.

Administration and remedial proceedings must change, from time to time, with the advancement of legal science and the progress of society. Rowan v. State, 30 Wis. 129.

"The general idea intended to be conveyed by the constitutional guaranty of the trial by jury undoubtedly is that all contested issues of fact shall be determined by a jury, and in no other way. . . . It was not intended to tie up the hands of the legislature so that no regulations of the trial by jury could be made, and it has been held that the provision is not violated so long as the trial by jury is not substantially impaired, although it be made subject to new modes." Wynkoop v. Cooch, 89 Pa. 450.

"The great purpose of the constitution, in providing that trial by jury shall be as heretofore, and the right thereof remain inviolate was not to contract the power to furnish modes of civil procedure in courts of justice but to secure the right of trial by jury in its accustomed form before rights of person or property shall be finally decided." Smith v. Times Pub. Co. (Penn.) 36 Atl. 296; Haines v. Levin, 51 Pa. 412.

If counsel voluntarily absent themselves from court after the jury has been sent out to deliberate upon their verdict, the court is under no obligation to either send or wait for them before reinstructing the jury or receiving their verdict. Walczakowski v. Milwaukee Elec. R. Co. 157 Wis. 191, 147 N. W. 20.

Where a jury has been in retirement for a period well beyond the

time prescribed by statute, the law conclusively presumes that they have been in deliberation for the required length of time. Hurlbut's Estate, 126 Minn. 180, 148 N. W. 51.

A verdict is not to be disturbed merely because the court might have decided differently. On the contrary, where presumptions are to be raised, inferences drawn, and conflicting evidence to be weighed, including the credibility and intelligence of witnesses, a verdict will not be set aside unless it is so decidedly against the weight of evidence as to make it apparent that the jury must have been misled or were guilty of misconduct. Lucier v. Larose (N. H.) 20 Atl. 249; Johnson v. Chicago & N. W. R. Co. (Wis.) 25 N. W. 223; Meeks v. St. Paul (Minn.) 66 N. W. 966.

The appellate court is not justified in reversing the order merely because it differs from the trial court as to what would have been just compensation, unless the difference of opinion is such as to justify the conclusion that the trial court abused its discretion. Mason v. Underwood (N. D.) 191 N. W. 949.

"Requests for instructions do not constitute part of the judgment roll, and hence cannot be reviewed on appeal unless incorporated in the statement of the case." Guild v. More, 32 N. D. 432, 155 N. W. 44.

JOHNSON, J. On the 27th of September, 1923, the plaintiff was driving a run-about on one of the highways leading out of the city of Minot, between seven-thirty and eight o'clock in the evening, when a collision took place between his car and an oil truck, operated by an employee of the defendant. Plaintiff's automobile was damaged and he himself was injured. He was in a hospital for about ten days and was afterwards treated by specialists in eye and ear diseases. He brings this suit to recover damages, charging the defendant with negligence. The defendant denies the allegation of negligence and asserts that the collision was due to the negligence of the plaintiff. The jury found for the plaintiff.

The material facts, as disclosed by the testimony of plaintiff's witnesses, are substantially as follows: On the night of the accident, it was dark and motor vehicles, except the truck, were operated with lights. The plaintiff was driving on the Roosevelt Highway, going

west. He was thirty-four years of age at the time. Near the place of the accident, there is a knoll in the highway and east of this knoll or hill there is an S curve in the road, near the point where the upward grade begins. At this point the road is barely wide enough for two cars to pass, and it was here that the collision occurred. Plaintiff says that he was about half way up the knoll, traveling at a speed of about 18 miles per hour, when the cars collided. Owing to the curve east of the knoll, objects on the highway around the first turn cannot be seen by a driver coming from the east. When plaintiff was near the first turn of the S curve he saw two cars approaching; these he passed near the foot of the knoll. Immediately after passing the second car, plaintiff testifies he saw a truck coming without lights; that this truck was running about forty feet behind the second car, and that he did not see it until plaintiff's car was about eight feet from the on-coming truck. Plaintiff testifies that the truck was over the center of the road, encroaching upon the right side where plaintiff was traveling; that due to the position of the truck it was impossible for plaintiff to pass it as there was a bank on the north side; that he steered his car as far to the right as it was possible and that the truck crashed into the run-about, damaging it materially, throwing the plaintiff out of the car and injuring him severely.

The verdict was signed by eleven jurors, one juror refusing to concur. This fact forms the basis of an assignment of error strenuously urged by the defendant. It contends that the Statute, chapter 333, Sess. Laws 1923, authorizing a five-sixth verdict in civil cases, after the jury has deliberated twelve hours without agreement, contravenes § 7 of the state Constitution, the fourteenth amendment to the Constitution to the United States, and § 13, of the state Constitution. That is to say, the defendant's contention is, that the constitutional provisions that trial by jury shall remain inviolate, contemplate a jury according to the course of the common law, consisting of twelve persons with the requirement that all twelve must concur in the verdict.

Numerous errors are assigned. It is said that the court erroneously refused requests for instructions, and that the verdict is without support in the evidence. Two alleged errors are urged with especial emphasis. One assignment pertains to the invalidity of the verdict, and the other is based upon the failure of the trial court to charge on the

issue of contributory negligence. We have sufficiently summarized the evidence to show that the contention that the verdict is without support in the evidence can not be sustained. The claim that the verdict is excessive, need not be considered in view of our conclusion that a new trial will have to be ordered on other grounds. We do not feel warranted in holding that the verdict, as a whole, is so tainted with prejudice that a reversal on that ground is necessary.

The court summarized the pleadings in the charge; it told the jury that the defendant denied the allegations of negligence and alleged that plaintiff's injuries, if any, were received through his own negligence in driving on the wrong side of the road. The court said that the burden was on the plaintiff to prove his cause of action by a preponderance of the evidence. The court then defined negligence and proximate cause in general terms, and told the jury that if they found that the accident occurred within the limits of the city of Minot and that the plaintiff was driving his car at a rate of speed in excess of ten miles an hour, the plaintiff was operating his car negligently at the time of the collision. The court then said: "This testimony may be considered by the jury as bearing upon the question of whether the accident was caused by the negligence of the defendant or through some other cause." Otherwise, the court did not elucidate the effect of exceeding the speed limit upon plaintiff's right to recover. The court instructed the jury that motor vehicles must not be operated upon public highways at a speed greater than is reasonably proper, having regard to the width, condition and use of the highway; that upon highways outside of incorporated cities or villages, the rate of speed may not exceed thirty miles per hour.

The court in summarizing the complaint, stated to the jury, substantially using the language of the complaint, that it was claimed by plaintiff that he was injured by reason of the negligence of the defendant, in operating its truck upon the highway without lights and at a great rate of speed. The court, later in the charge, told the jury that the burden of proof was upon the plaintiff to prove his cause of action by a fair preponderance of the evidence. No instruction was expressly given on the subject of contributory negligence. This omission is assigned as error and, outside of the question of the constitutionality of

the statutes, purporting to authorize a verdict by ten or more, jurors, is the most serious question in the lawsuit.

There is testimony in behalf of the defense, which if believed by the jury, was amply sufficient to support a finding of contributory negligence and defeat recovery. Witnesses, other than the driver of the defendant's truck, testify that the lights on the truck were lighted at the time of the collision, and that the truck was on the right side of the road, while plaintiff and his car were on the wrong side. The issue of contributory negligence was clearly raised by defendant in its pleadings and by the evidence. While, in our opinion, the original answer sufficiently alleges the defense of contributory negligence, some doubt seems to have been in the mind of counsel for the defendant as to the sufficiency of such allegations, because at the conclusion of the trial he made a motion to amend his answers to "conform to the proof," setting forth more fully that the proximate cause of the injury to the plaintiff was his own negligence in driving the automobile on the wrong side of the road and at a high rate of speed. This amendment was allowed. It will thus be seen that this issue was clearly brought to the attention of the trial court before the instructions were delivered to the jury. When the motion to amend was granted, the court said, "I will allow the amendment, but I will state also that I will let the charge to the jury stand as it is already written under this amendment. It will be just the same as presented to you yesterday evening. I won't change it any by reason of the amendment."

The issue of contributory negligence, or the alleged negligence of the plaintiff himself, was never referred to by the court except when the answer was summarized in the first part of the charge. The effect of plaintiff's own negligence upon his right to recover, was not explained to the jury. The court said that the burden was on the plaintiff to prove his cause of action, already stated, substantially, in the language of the complaint, by a preponderance of the evidence, but did not say that if the plaintiff himself was negligent and his negligence contributed to the injury and was the proximate cause thereof, there could be no recovery. Plaintiff, indeed, might prove the collision, and his injuries; he might prove that the defendant's driver was negligent at the time of the collision; yet a verdict for the plaintiff, notwithstanding he might himself have been negligent and his own neg-

ligence contributed to the injury as its proximate cause, would have been wholly consistent with the instructions. We think that there is no escape from the conclusion that the omission to instruct upon the issue of contributory negligence, under the facts in this record, striking as it does here, at the very foundation of plaintiff's right to recover, amounts to a misdirection. This defense is not merely negative in character, so that it can properly be said to amount to no more than a general denial of negligence. In its very nature, the defense of contributory negligence presupposes the existence of negligence on the part of the defendant. It is, what has been frequently termed, an affirmative defense. The complaint did not allege and the trial court did not say to the jury that they must find that plaintiff was in the exercise of ordinary care when the accident occurred. The defense principally relied on by the defendant is not only entirely ignored, but the instructions leave the jury no alternative but to find for the plaintiff, regardless of the question of the plaintiff's own contributory negligence. After summarizing the plaintiff's cause of· action, as alleged in the complaint, the court said to the jury, in effect, that if the plaintiff sustained the burden and proved by preponderance of the evidence the allegations of his complaint a verdict in his favor should be returned. The rule seems to be well established that where contributory negligence is interposed as a defense to an action for a wrongful injury an instruction is erroneous which directs the jury to find in favor of the plaintiff on certain facts, stated in the charge, without any reference whatever to the facts that tend to show contributory negligence. In such circumstances an instruction entirely ignoring this defense, is prejudicial and necessitates a reversal. See Remington v. Geiszler, 30 N. D. 346, 152 N. W. 661. McVey v. St. Clair Co. 49 W. Va. 413, 38 S. E. 648; Evans v. Kirson, 88 W. Va. 343, 106 S. E. 647; Solomon v. New York City R. Co. 50 Misc. 557, 99 N. Y. Supp. 529; Blashfield, Instructions to Juries, 2d ed. § 98, pp. 222, et seq. This issue was not covered in the instructions and was in no manner submitted to the jury. It had not been properly eliminated from the case by the court, or by any admission in the pleadings. Nor does the verdict necessarily include a finding against the defendant on the issue of contributory negligence. The court not only failed to charge upon an "essential and controlling" question in the case; see Putnam v.

Prouty, 24 N. D. 517, 140 N. W. 93, but misdirected the jury. See also Allen v. Durham Traction Co. 144 N. C. 288, 56 S. E. 942. "Instructions that direct a verdict upon the finding of certain facts must not ignore any theory of recovery or defense, as the case may be." 38 Cyc. 1633, 1634. See also 14 R. C. L. 793.

The rule of McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141, to the effect that an instruction, correct as far as it goes, but deemed by one party lacking in explicitness, is not erroneous, in the absence of a request for more specific instructions, has no application.

A reversal being necessary on other grounds, it is not proper to decide the very interesting question as to the constitutionality of the statute purporting to authorize a five-sixth verdict.

The judgment is reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, J.J., concur.