## C. E. BLACKORBY v. W. G. GINTHER.

(158 N. W. 354.)

**Proof — proper order of — witnesses — examination of — form of questions — court — discretion of — rulings on — not disturbed — except for abuse.**

1–2. Matters pertaining to the proper order of proof, the mode of examination of witnesses, and the form of questions, rest largely within the discretion of the trial court, and its rulings will not be disturbed except for abuse of discretion.

**Rulings of court — evidence — admission or rejection of.**

3–5. Certain rulings upon the admission and exclusion of evidence considered, and, for reasons stated in the opinion, *held* to be proper.

**Deposition — use of by counsel — in argument to jury — memory — to refresh.**

6. No error was committed by permitting counsel to use a deposition for the purpose of refreshing his memory during his argument to the jury.

**Trial court — remarks of — on trial.**

7. Certain remarks of the trial court are held to be nonprejudicial.

**Verdict — evidence — substantial support in — conflicting evidence — court will not weigh — insufficiency of evidence — new trial — denial of — order — not disturbed.**

8. Where a verdict has substantial support in the evidence, the supreme court will not weigh conflicting evidence; nor will it disturb such verdict or an order denying an application for a new trial based upon alleged insufficiency of the evidence.

**New trial — grounds — surprise — granting or refusing — trial court — discretion — supreme court — will not disturb — except for abuse.**

9. The granting or refusing of new trials on the ground of surprise rests in the sound judicial discretion of the trial court, and its ruling will not be disturbed by the supreme court except for abuse of discretion.

Opinion filed May 31, 1916.

Appeal from District Court of Ramsey County, *Buttz, J.*

From a judgment and an order denying a new trial, defendant appeals.

Affirmed.

*Cuthbert & Smythe,* for appellant.

The refusal of the trial court to allow cross-examination of a witness upon matters brought out on direct examination and relevant to the issue is a denial of an absolute right. Abbott, Civil Jury Trials, 3d ed. p. 220; Graham v. Larimer, 83 Cal. 173, 23 Pac. 286; Patrick v. Crowe, 15 Colo. 543, 25 Pac. 985; United States v. Knowlton, 3 Dak. 58, 13 N. W. 573; Reeve v. Dennett, 141 Mass. 207, 6 N. E. 378; Lynch v. Free, 64 Minn. 277, 66 N. W. 973; Prout v. Bernards Land & Sand Co. 25 L.R.A.(N.S.) 683, and note, 77 N. J. L. 719, 73 Atl. 486; Sayres v. Allen, 25 Or. 211, 35 Pac. 254; Yarborough v. Davis, — Tex. App. —, 15 S. W. 713.

Immaterial questions propounded to a witness in an insulting, insolent manner, and tending to confuse and embarrass the witness, and apparently with only such purpose, are objectionable, and when proper objection is made, it is error to allow such questions. State v. Taylor,

118 Mo. 153, 24 S. W. 449, 11 Am. Crim. Rep. 51; Clink v. Gunn, 90 Mich. 135, 51 N. W. 193; People v. Durrant, 116 Cal. 179, 48 Pac. 75, 10 Am. Crim. Rep. 499; Heffernan v. O'Neill, 1 Neb. (Unof.) 363, 96 N. W. 244.

It is the plain duty of the court where negative testimony is introduced to call the attention of the jury thereto. Jones, Ev. 2d ed. § 898; Farmers' & M. Bank v. Champlain Transp. Co. 23 Vt. 186, 56 Am. Dec. 78.

"The debtor may subject the chose in the hands of the assignee to all equities against the assignor and all defenses he had against the assignor, prior to the time when he received notice of the assignment, but as to equities arising thereafter, the rule is otherwise." 4 Cyc. 89, 90.

Declarations of the assignor of a chose in action, affirmatively shown to have been made while he was the owner thereof and before the assignment and notice to the debtor, are competent evidence against the assignee and all claiming under him; but declarations of the assignor are not competent in favor of himself, or his assignee. 16 Cyc. 993.

It is prejudicial and reversible error for the court to permit counsel in addressing the jury to reread a deposition already offered and read as evidence. It is also prejudicial error for the court to reprimand or criticize a witness while on the stand and apparently trying to give his testimony in an honest, fair manner. Zink v. Lahart, 16 N. D. 56, 110 N. W. 931; note in 42 L.R.A.(N.S.) 430, under title of "remarks of counsel."

Where there is conflict in the evidence upon which the verdict is based, and the trial court has refused to set it aside, the verdict will not be disturbed by the appellate court. But a verdict must be based upon "legally sufficient evidence." F. A. Patrick & Co. v. Austin, 20 N. D. 261, 127 N. W. 109; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011.

*Flynn & Traynor,* for respondent.

Under the American rule, the cross-examination of a witness is limited to an inquiry as to the facts and circumstances connected with the matters stated in his direct examination. In the applica-

tion of this rule much is left to the discretion of the trial court. Abbott, Civil Jury Trials, 3d ed. p. 220.

Where a party feels that the instructions as given the jury by the trial court are not sufficiently clear, or that they do not state all the law applicable, or that there is some special phase of case neglected or overlooked, it is his duty to call the court's attention to any such matter, and to request instructions. Jones, Ev. 2d ed. § 898.

. "A party who offers the declaration of an assignor as against an assignee or subsequent holder has the burden of showing affirmatively that the statement was made before the assignment. The application of the rule is not affected by the fact that the assignor is a party to the record. Only declarations made by him while he possessed the substantial interest are competent as against an assignee for whose benefit the suit is brought." 16 Cyc. 994; 1 Enc. Ev. p. 535; Reinecke v. Gruner, 111 Iowa, 731, 82 N. W. 900; Aldous v. Olverson, 17 S. D. 190, 95 N. W. 917; Jonas v. Hirshberg, 40 Ind. App. 88, 79 N. E. 1058; Jones, Ev. §§ 242, 245.

"The court may permit counsel in argument to read to the jury a transcript of the stenographer's notes of the testimony, but not from the transcript of the testimony given on a former trial. For the purpose of argument and comment counsel may read such part of the testimony of a witness as he desires to read, and it is error to require him to read the whole of the testimony of a witness." 38 Cyc. 1483.

The finding of the jury on all questions of fact in a cause properly submitted is binding and conclusive. F. A. Patrick & Co. v. Austin, 20 N. D. 261, 127 N. W. 109; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397; Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Heffernan v. O'Neill, 1 Neb. (Unof.) 363, 96 N. W. 244.

CHRISTIANSON, J. In the year 1912 one Carl Schootz leased certain farm lands belonging to the defendant, Ginther. The lease or farm contract was in writing, and provided for a division of the crop between Schootz and the defendant in equal parts. It also provided that title to the crop should remain in Ginther until such division was made. The agreement further provided that in case Schootz failed to perform any

of the terms and conditions thereof to be by him kept and performed, Ginther might enter into possession of the premises and do and perform all acts agreed to be performed by said Schootz and charge all labor so performed and expenses so incurred to the said Schootz, and deduct the same from the proceeds of the crops that would have belonged to said Schootz if he had complied with the conditions of said agreement. Owing to illness on his part, Schootz became unable to fully perform all the terms of the agreement, and Ginther thereupon took possession of the premises and performed the remainder of the things which Schootz had agreed to perform. Ginther also held certain hay land under a lease from the state which he sublet to Schootz by a verbal agreement. The terms of such oral agreement are in dispute, and constitute one of the issues presented in this action. On December 21, 1912, the plaintiff obtained an assignment in writing from Schootz of all claims of said Schootz against the defendant Ginther arising out of the farming of said land during the year 1912, and, about the same time, the plaintiff obtained a bill of sale from Schootz of the hay cut and stacked by Schootz upon the land leased by Ginther from the state and sublet by him to Schootz.

Plaintiff brings this action as assignee of Schootz, and asks to recover from defendant the amount claimed to be due to Schootz from Ginther under said written and verbal agreements. The defendant, in his answer, denied that he was indebted to Schootz in any amount. The defendant further asserted, by way of counterclaim, that Schootz had failed to perform the terms of the verbal agreement under which he cut and stacked the hay, and that by reason of such nonperformance defendant became the owner thereof; that plaintiff, acting under the assignment from Schootz, had taken and removed hay of the value of $66.50. The counterclaim set forth in the answer was denied by reply. Upon demand of plaintiff, defendant furnished a bill of particulars of the claims which defendant had, or claimed to have, against Schootz. Some of the items so claimed are not denied, whereas other items are denied in whole or in part. The cause was tried to a jury, which returned a verdict in favor of the plaintiff for the sum of $207 and interest from December, 1912. The defendant moved for a new trial, and the appeal is taken from the judgment and the order denying a new trial.

(1) Certain assignments of error are predicated upon rulings of the court in sustaining objections to certain questions propounded to the plaintiff upon cross-examination. Defendant asserts that the cross-examination was unduly restricted, and that the rulings complained of constitute prejudicial error. An examination of the record upon which the assignments are based, however, discloses that the various questions to which objections were sustained did not relate directly to the facts or circumstances connected with the matters gone into on the direct examination, but related to matters more properly a part of defendant's own case. And in this connection it may be mentioned that in one of its rulings the trial judge expressly stated that he would permit the defendant to recall plaintiff for further cross-examination upon the matters defendant sought to inquire into, if defendant desired to recall him, when defendant's evidence was being introduced. The logical method of presenting issues in a lawsuit is necessarily a matter in which the trial court must be invested with wide discretionary powers. 40 Cyc. 2506; 3 Enc. Ev. 860. See also 3 Enc. Ev. 822. And in this case we are unable to see wherein defendant was prejudiced by the trial court's rulings, or wherein such rulings deprived him of the right of cross-examination, nor do we see wherein defendant was in any manner prevented by these rulings from presenting to the jury all the material facts in dispute between the parties.

(2) Appellant next asserts that the court erred in permitting plaintiff's counsel to propound the following question to the defendant upon his cross-examination, viz.: "Q. You think because while you were looking after your own interests, because you happened to take off your white shirt for a while and went to work, that you are entitled to charge Mr. Schootz for that?" The defendant was being cross-examined with respect to certain items charged by him against Schootz. The particular question related to a charge for labor performed in shoveling wheat at the time the grain was threshed. The defendant's answer to the question immediately preceding the question objected to was as follows: "I was there simply to look things over; that was what I was there for." And defendant's answer to the question under consideration was as follows: "Any time I shovel grain on any of the three farms when they are short of help, I get pay the same as any other man that is working there; that is all there is to that." The defendant

further testified that he shoveled grain for three days while the thresh-
ing was going on and charged Schootz the regular going wages for such
work.   The question doubtless could have been couched in different
language and some of the statements properly eliminated therefrom,
but it is inconceivable how defendant could have been prejudiced or
denied a fair trial by reason of the court's ruling on this question.
Trial courts necessarily must be, and are, invested with a great deal of
discretion in matters of this kind.   "Matters pertaining to the exam-
ination of witnesses rest largely within the discretion of the trial
court, which, in the exercise of such discretion, may determine the
order in which evidence shall be introduced by the parties, the time
and mode of examining the witness, the form and propriety of ques-
tions, the manner in which questions may be put, the extent to which a
witness may be examined, especially with respect to collateral matters,
the length of the examination, the use of memoranda by a witness,
directing a witness to ascertain some fact in order to be able to testify
to it, the reception of answers not responsive to the questions, or the
postponement of the examination of a witness.   The rulings of the
trial court will not be interfered with unless an arbitrary abuse of
discretion appears."   (40 Cyc. 2408.)

The objection made is that the question was argumentative and con-
tained insinuations prejudicial to the defendant.   It is not contended
that the matter under consideration was not a proper subject for cross-
examination, but the objection relates solely to the form of the ques-
tion.   This, as we have already stated, was a matter resting peculiarly
within the discretion of the trial court, and this court will not interfere
unless a manifest abuse of such discretion appears.   No abuse of dis-
cretion is shown here.

(3) Defendant also complains of the court's ruling excluding certain
slips of paper alleged to show the quantity of certain grain hauled and
delivered at a certain elevator.   The slips themselves are not contained
in the record.   Plaintiff testified that he received them either from the
bank at Sarles or from the elevator company's agent.   Plaintiff ad-
mitted that he was not present at the time the grain was hauled and
weighed.   He also admitted that he had no personal knowledge of the
correctness of the slips.   The elevator agent who weighed the grain and
prepared the slips was not called, nor his absence accounted for.   And

it seems clear that the plaintiff, having no personal knowledge of the amount of grain delivered at the elevator, could not be permitted to testify in regard thereto by reason of oral or written statements made to him by the elevator agent. It may, also, be mentioned that Schootz, who testified by deposition, admitted that he hauled and sold two loads of grain, and there is nothing to indicate that the slips contained different or larger amounts than those mentioned by Schootz. We believe that the trial court properly excluded the evidence under consideration.

(4) Among the items which defendant sought to charge against Schootz was one for $15 for destroying Canadian thistles. Schootz denied any indebtedness for this service, and for the purpose of rebutting defendant's testimony, plaintiff called one Barker, who testified that he was familiar with the land, had been so during the year 1912, and for a number of years prior thereto. Barker also testified that he was the manager of the threshing machine which threshed the grain involved herein in the fall of 1912; that he was about such threshing machine at the time the threshing was done, and that he did not observe any Canadian thistles in such grain at that time, nor did he ever observe any such thistles in the fields upon the land during the year 1912. This testimony, while negative in character, was entitled to go to the jury for what it was worth. Of course, the weight to be given thereto was a matter for the jury. In fact, defendant does not seriously contend that the testimony was inadmissible, but his principal complaint seems to be that the court failed to give proper instructions for the jury's guidance in considering such negative testimony. It is a sufficient answer to the latter contention to say that no request for such instruction was made. See also Remington v. Geiszler, 30 N. D. 346, 152 N. W. 661.

(5) Among other defenses interposed was that the defendant had made a full and complete settlement with Schootz. This settlement, however, was denied by Schootz. The defendant, for the purpose of corroborating the defendant's testimony, called one Templeton to show that Schootz in a conversation with him (Templeton) had made certain statements tending to show that Schootz and the defendant had made such settlement. As already stated, plaintiff obtained an assignment from Schootz on December 21, 1912. The witness Templeton admitted that he could not recall, and was unable to state, whether the conversa-

tion between himself and Mr. Schootz was had before or after December 21, 1912. The trial court ruled that the evidence was inadmissible unless it was shown that such conversation took place prior to the time of the assignment by Schootz to the plaintiff. Apparently no serious contention was made that this ruling was incorrect, because the record shows that questions were propounded to Templeton endeavoring to elicit testimony from him to the effect that such conversation was had prior to December 21, 1912. At the time the rulings were made by the court there is no serious question but that the record failed to show that such conversation was had prior to December 21, 1912. There is, however, some subsequent testimony which defendant's counsel contends would justify the conclusion that such conversation must have been had prior to that time. Even conceding that this contention is correct, still we are satisfied that at the time the rulings were made the trial court was justified in rejecting the evidence offered. The other testimony upon which reliance is placed was offered by another witness, and it is only by a combination of testimony from different parts of the record and argumentative deduction drawn therefrom that appellant's counsel justifies the conclusion that such conversation must have taken place prior to December 21, 1912. These facts, however, were not called to the attention of the trial court, and in fact did not exist at the time the rulings were made, because, as already stated, some of the testimony was subsequently introduced. The record does not show that any attempt was made thereafter to have the testimony of Templeton admitted, and, hence, we are satisfied that the court correctly excluded this testimony. See also 16 Cyc. 994; 1 Enc. Ev. 535.

(6) Error is also predicated upon the alleged fact that plaintiff's counsel in his argument to the jury read certain portions of the deposition of the witness Schootz. The record, however, does not sustain this contention. The trial court in its rulings upon the objection made expressly stated that counsel was permitted to use the deposition for the purpose of refreshing the memory. Counsel's argument is intended to aid the jury in arriving at the truth, and we are aware of no reason why counsel might not be permitted to state portions of the evidence, and if evidence is given by deposition, there seems no valid reason why counsel may not be permitted to refer to the deposition in his argument to the jury. See 38 Cyc. 1483.

(7) Appellant also predicates error upon certain remarks made by the court to the defendant while he was being examined as a witness. The general tenor of the remarks is requests on the part of the court to the defendant Ginther to speak louder so that the jury may hear his testimony. There is no contention that the trial court in making these requests or remarks acted in an improper manner. The statements made are not contained in the record, nor were any affidavits submitted tending to show any misconduct on the part of the trial court. The assignment rests solely upon the statement of the trial judge appended to the statement of the case, wherein he certifies that some such remarks were made by him, and that such remarks were occasioned by the fact that the defendant spoke in such a low tone that the court, jury, court reporter, and counsel on both sides were unable to hear him, and repeatedly made requests that he speak louder; and that the court reporter, who sat only about 4 feet away from the witness, was unable to hear him. These facts are not disputed. The assignment of error is wholly without merit.

(8) Appellant also contends that the evidence is insufficient to sustain the verdict. There is no dispute as to the amount of money realized by defendant from the crop and hay. It is conceded that he received in all $489.70, proceeds of the grain, and $71.50, proceeds from the sale of hay, which moneys would have belonged to Schootz if he had fulfilled his agreement with the defendant. The questions in dispute were (1) whether Schootz had complied with the terms of the verbal agreement under which he rented the hay land, so as to become the owner of the hay; and (2) what items was the defendant entitled to charge against Schootz by reason of his (Schootz's) failure to comply with the terms of the cropping contract. The evidence was in conflict upon the first question, and several of the items which defendant sought to charge against Schootz were also in dispute. The case was tried upon the theory that the defendant was entitled, under the terms of the cropping contract, to perform those portions thereof which Schootz had failed to perform, and charge and retain the amount of such expenses and the value of such services against the moneys which Schootz would be entitled to receive from the proceeds of the grain. No exception was taken to any of the court's instructions. Hence they are presumed to be correct. Defendant's counsel argues that the testimony

of Schootz, taken by deposition in Indiana, ought not to be given the same weight as the testimony of the defendant and his witnesses, who appeared and testified orally upon the trial. This contention is without merit. The question of weight to be given to the testimony of the different witnesses was a matter for the jury. 38 Cyc. 1516, 1518. The trial court, who heard and saw the witnesses, has refused to set aside the verdict. The verdict has substantial support in the evidence, and, hence, this court will not endeavor to determine the weight of the conflicting evidence, nor will it disturb the verdict based thereon, or the order denying a new trial. Rickel v. Sherman, post, 298, 158 N. W. 266. See also Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690; Hayne, New Trials & App. Rev. ed. § 97; 29 Cyc. 1009, and note.

(9) In support of the motion for a new trial, defendant submitted certain affidavits for the purpose of showing accident and surprise. The substance of the affidavits was to the effect that the witness, Templeton, in conversations prior to the time he was called as a witness, had informed defendant that the conversation which Templeton had with Schootz occurred at some date prior to December 21, 1912, and that the inability of Templeton to recall whether such conversation occurred before or after December 21, 1912, was due to physical disability at the time he testified. Counter affidavits were submitted by the plaintiff tending to show that at the time of the trial the witness, Templeton, although ill, was in full possession of all his mental faculties, and that his mind was in no manner affected. The affidavits also show that Templeton is dead and that consequently his testimony could not be procured upon a new trial of the action.

A new trial will ordinarily not be awarded where it would be ineffectual, or if there is no reasonable prospect that the result would be different upon a retrial, and it is therefore incumbent upon the party who moves for a new trial on the ground of accident or surprise to show upon his motion for new trial that he will probably be able to avoid the difficulty upon a new trial. Hayne, New Trials & App. Rev. ed. § 85. Whether the ends of justice required that a new trial be had on the ground of surprise was a matter which rested largely within the trial court's second judicial discretion. 29 Cyc. 1009, and note; Hayne, New Trials & App. Rev. ed. § 86. And "the function of this court on

this appeal is merely to review the ruling of the trial court on this motion, and this review is limited to a determination of the question of whether, in denying a new trial, the trial court abused its discretion, and thereby effected an injustice. The discretion vested in the trial court should always be exercised in the interests of justice. The presumption is that it was properly exercised." State v. Cray, 31 N. D. 67, 153 N. W. 425.

The trial judge, who saw and heard all the witnesses, including Templeton, and who was familiar with all the incidents of the trial, as well as with different affidavits submitted for, and in opposition to, the motion for a new trial, was of the opinion that a new trial ought not to be had. There is nothing to justify this court in saying that the trial court erred or abused its discretion in so holding. See Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; State v. Cray, supra; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261.

The judgment and order appealed from must be affirmed. It is so ordered.