## H. O. DALEN, Appellant, v. N. J. CODDINGTON, Respondent.

### (167 N. W. 334.)

**Witness — testimony of — conclusions — facts relative to subject-matter — error without prejudice.**

1. Where a witness testifies to a conclusion relative to a certain subject-matter and in his testimony also testifies to the facts relative to the subject-matter, the admission and evidence of the conclusion of the witness over objection, if error, is error without prejudice and is harmless.

**Affidavit — dictated by attorney — on information received from client — wrong date inserted — clerical error — proper to prove — by stenographer — by attorney.**

2. Where an attorney dictated an affidavit upon information received by him from his client, and in dictating the affidavit caused to be inserted a wrong date, it is proper to prove such clerical error either by the stenographer after laying a proper foundation for her testimony, or by the attorney who dictated the affidavit if he is able to testify of his own knowledge to the fact.

**Parts of testimony — of witness — given on a former trial — introduced by one party — other party may introduce balance of such testimony — same subject-matter.**

3. Where one party in the trial of the case introduces parts of the testimony given by a witness on a former trial with reference to parts of the subject-matter of the litigation, the opposing party has the right to introduce the balance of the testimony given upon such former trial by such witness in so far as it relates to all the subject-matter concerning which the first party introduced a portion of the testimony. *Held* that appellant has not brought himself within this rule.

Opinion filed March 1, 1918. Rehearing denied April 9, 1918.

39 N. D.—21.

Appeal from the judgment of the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Affirmed.

*F. B. Lambert* and *F. J. Faytle,* for appellant.

A witness cannot state what he understands or thinks about the subject-matter under consideration. These statements are mere conclusions. 1 Thomp. Trials, 389.

Or for a witness to state what the defendant meant by the use of certain language. 1 Thomp. Trials, 738.

Or to state his belief concerning the subject-matter. Smith v. Northern Pac. 3 N. D. 553.

Or what a party intended. Witt Mfg. Co. v. Riley, 11 N. D. 203; Am. v. Hogue, 17 N. D. 375, 17 L.R.A.(N.S.) 1113, 116 N. W. 339.

A witness will not be permitted to say what his "understanding of the deal" was, from conversation had between the parties. Mulroy v. Jacobson, 24 N. D. 354, 139 N. W. 697.

"Where a contradictory statement has been shown, the party who introduced the witness is entitled to show the entire conversation in which the statement was made, when the statement was made when testifying as a witness, the entire testimony given by the witness on that occasion." 40 Cyc. 2758, and cases cited.

"Where one part of a deposition is introduced or read in evidence the adverse party has a right to read the whole deposition so far as it is competent evidence for him in the cause." 13 Cyc. 984.

"Where defendant reads an answer to a certain interrogatory in a deposition given by the deponent to be used in a former suit between the parties, in order to contradict such deponent's statement in a deposition in the present suit, it is held that plaintiff has a right to use such parts only of the rest of the deposition as relate to the subject-matter of the interrogatory or qualified answer." Weber v. Calden, 65 Me. 165.

A witness has a right to explain his answers to questions propounded on his cross-examination. 7 Enc. Ev. 142, 145, 164; Weir v. McGee, 25 Tex. Supp. 20–32.

The reasonableness and sufficiency of the explanations are for the jury. 7 Enc. Ev. 147 and cases cited; People v. Lambert (Cal.) 57 Pac. 307; People v. Shaver (Cal.) 52 Pac. 651; Huntley v. Territory

(Okla.) 54 Pac. 314–317; Thornton v. State, 65 S. W. 1105; Rudy v. Myton, 19 Pa. Super. Ct. 312; Will v. State, 74 Ala. 21; Noyes v. Gilman, 71 Me. 394.

A part of the deposition cannot be read and a part omitted, at the option of the party offering it. All evidence competent or pertinent to the transaction should be read or known. Bank v. Elev. Co. 11 N. D. 280, 289.

"Where inadmissible evidence is allowed to be introduced on one side, similar evidence is rendered admissible in rebuttal." 20 Century Dig. col. 655.

"Where a broker, instead of procuring a person who is ready, willing, and able to accept the terms his principal authorized him to offer, procures one who makes a counter offer, more or less at variance with that of his employer, the latter is at perfect liberty either to accept the proposed party upon the altered terms, or to decline to do so. If he accepts, he is legally bound to compensate the broker for the services rendered. 4 R. C. L. § 52, p. 313; Stewart v. Mather, 32 Wis. 344; Ball v. Dolan (S. D.) 101 N. W. 719–721; Eggland v. South (S. D.) 118 N. W. 719–722; Webb v. Burroughs (S. D.) 127 N. W. 623; Henderson v. Moe, 64 Mo. 393; Coleman v. Meade, 76 Ky. 358; Ratts v. Shepard, 37 Kan. 21, 14 Pac. 496; Platt v. Thompson, 42 Kan. 664, 16 Am. St. Rep. 512, 22 Pac. 726; McFarlane v. Lillard, 2 Ind. App. 160, 28 N. E. 229; Adams v. Decker, 34 Ill. App. 17; Lawrence v. Atwood, 1 Ill. App. 217; Heaton v. Edwards, 90 Mich. 500, 51 N. W. 544; Ransom v. Weston, 110 Mich. 240, 68 N. W. 152; Martin v. Selliman, 53 N. Y. 615; French v. McKay, 181 Mass. 485, 63 N. E. 1068; Henry v. Stewart, 185 Ill. 448, 57 N. E. 190.

*Palda & Aaker* and *E. T. Burke*, for respondent.

Mistakes in the taking of testimony on the trial, or when a witness testifies to conclusions, rather than to facts, when later on the facts relating to the subject-matter are brought out by competent testimony, the former error is cured. In any event the conduct of the trial and matters pertaining to the examination of witnesses rest largely in the discretion of the court. 40 Cyc. 2408; Blackerby v. Ginter, 34 Dak. 254.

A witness cannot pick out parts of his testimony given on a former trial without giving all of it. 40 Cyc. 2408.

GRACE, J. Appeal from a judgment of the district court of Ward county, Honorable K. E. Leighton, Judge.

This action is one brought by the plaintiff to recover a real estate broker's commission claimed to have been earned by plaintiff in procuring a purchaser for certain real estate owned by the defendant in the city of Minot, North Dakota, and described as lots 1 and 2, block 9, Brooklyn addition to the city of Minot, upon which lots were situated a hotel building and a small house, the small house being situated on the back end of the lots. The plaintiff claims the contract was to secure a purchaser who would buy such property, either for cash or trade, or procure a proposition of sale, which would be agreeable to, and accepted by, the defendant, for which service plaintiff claims the defendant agreed to pay the plaintiff 5 per cent of the selling price. Plaintiff further claims that on or about the 15th day of March, 1915, he procured from one Anna Huermann a trade proposition for the defendant for the above property, which was acceptable to, and which was accepted by, the defendant, and the deal then and there consummated at the stipulated price for defendant's property in the sum of $10,000. The plaintiff thereby claims there is $500 due him as his commission.

The foregoing matters are the substance of plaintiff's complaint.

The defendant for his answer interposed a general denial. The case was tried to a jury, which returned a verdict in favor of the defendant.

The claim and theory of plaintiff is that the selling price of the property was to be $10,000 in cash or trade, and that his commission would be earned when he procured a purchaser for the defendant who would pay such price for the property in a cash or trade proposition which would be agreeable to, and accepted by, the defendant.

The plaintiff further contends that the proposition related to the sale of all of such property, and no reservation was made of the small house on the back end of such lots. On the other hand, the defendant contends that no commission was to be paid unless it was an all cash deal for the sum of $10,000, the defendant to retain the back end of the lots including the small house thereon. Plaintiff claims further that the proposition which he obtained from the intending purchaser was accepted by the defendant. The whole property was on the 15th day of March, 1915, sold by the defendant to the purchaser for $10,000, a part of which purchase price being paid by the purchaser transferring cer-

.tain other real estate in the city of Minot to the defendant. The purchaser was the same as the one with whom plaintiff had been negotiating for the sale of the property in question.

. The main elements or issues of the case appear to be substantially as follows: (1) The nature and terms of the contract between plaintiff and defendant with reference to the sale of such property and whether the small house and some number of feet of ground on the back end of such lots were or were not included in such contract. (2) Whether plaintiff procured a purchaser for the defendant upon the terms provided by the contract or upon other terms which were finally accepted by the defendant, and whether plaintiff procured a purchaser who made a proposition to purchase such property which was acceptable to, and accepted by, the defendant. (3) Whether at any time during the time of the negotiations for the sale of such property the plaintiff abandoned further effort for the sale thereof, thus terminating his agency.

Each of these matters was a question of fact exclusively for the jury. The jury returned a verdict in favor of the defendant. Among many assignments of error by the appellant two may receive thorough consideration. They are appellant's third and fourth assignments of error. The third assignment of error is as follows: "The court erred in allowing the witness Coddington to testify over the objection of plaintiff's counsel as follows:

" 'Q. So that any deals that you made were entirely different than any Mr. Dalen was trying to negotiate as shown by exhibit A, or the first contract you had, that you should pay him 5 per cent if he made an all money deal?' Objected to as calling for a conclusion, and leading and suggestive. Overruled.

" 'A. It was different, yes; it was not an all-money deal, and the time was not the same. The payments were not the same.' "

The fourth assignment of error is as follows: "The court erred in allowing the witness Coddington to testify over the objection of counsel for plaintiff as follows:

" 'Q. Mr. Coddington, after you had this talk in the pool hall with Mr. Dalen, when you said the deal blew up, and you could not do anything, did you believe that he had abandoned any—in every way this transaction or having anything more to do with the handling of this

property that you were offering for sale?' Objected to as calling for a conclusion.    Overruled.

" 'A. Yes, sir ' "

The record discloses that previous to the time of the asking of this question, Coddington had testified he met the plaintiff in the pool room immediately after plaintiff had returned from seeing Mrs. Huermann, the prospective purchaser, and that plaintiff at such time in the pool room told the defendant the deal had blown up.

The appellant's main objection to the questions and answers set forth in assignments of error Nos. 3 and 4 is that the answers to such questions were merely conclusions of the witness and had a bearing upon the material issues in the case.

Referring to the third assignment of error, we are of the opinion that the answer of the witness did not constitute a conclusion when considered as a whole.    It is true the witness testified the deal was different. This standing alone might have been considered as a conclusion of the witness.    The witness, however, did not stop with testifying that the deal was different, but testified wherein it was different by showing the deal which plaintiff tried to make was not an all money deal, and the time was not the same.    The payments were not the same.    The deal offered by the plaintiff did not comply with the terms upon which plaintiff was authorized to make the sale.    All of the testimony in this regard being considered together, it is apparent that the answer of the witness was largely based upon questions of fact, and was not a mere conclusion of the witness.

The same reasoning applies to the fourth assignment of error.    The witness did not merely testify to what he believed, and say nothing more, but proceeded to testify to the facts which tended to show an abandonment of the agency by the plaintiff.    We are of the opinion there was no error in the admission of the testimony referred to in assignments of error Nos. 3 and 4.    If there were any error in this regard, in view of the testimony, such error was harmless.    In regard to assignments of error Nos. 3 and 4, the plaintiff has not brought himself within the rule of Smith v. Northern P. R. Co. 3 N. D. 553, 58 N. W. 345, or Mulroy v. Jacobson, 24 N. D. 354, 139 N. W. 607.

Referring to appellant's 6th assignment of error, regarding the objection to the admission of the testimony of the witness Palda, we find

no error. The defendant at the time of the drawing of the affidavit had conferred with Palda. Palda dictated the affidavit in question for the opening of the default judgment. He was in position to have actual knowledge of the typographical error in the affidavit with reference to whether a certain date in the affidavit, to wit, March 15th, was a typographical error and should have been March 1st instead of March 15th. If Mr. Palda had knowledge of such error, he was a competent witness to testify to the fact, notwithstanding the stenographer who took the dictation from him would also have been a competent witness to call. We are clear there is no error in admitting the testimony of Mr. Palda.

Referring to assignment of error No. 2, appellant claims error in that defendant having introduced a certain portion of the testimony given by Dalen on a former trial, and did not permit plaintiff to offer certain testimony given by the plaintiff on a former trial. Where a party to an action introduces testimony by introducing in evidence part of the testimony given by a witness on a former trial, the opposing party has a right to introduce all the testimony relative to the subject being inquired about. The appellant, however, has not brought himself within this rule. The defendant did introduce part of the testimony of Dalen given at a former trial. The appellant did not proceed to have all the testimony in reference to the subject inquired about at the former trial read from the record, but simply asked the witness, the plaintiff, on redirect examination, if he had not testified in the former trial that he was to get his commission if he would procure a deal that the defendant would accept. It does not appear that this was an effort to introduce the balance of the testimony of the witness given at a former trial, part of which had been brought out by the defendant. We are of the opinion that the appellant has not brought himself within the rule. There was no error in sustaining the objection to the question asked by plaintiff's counsel.

We have carefully examined the trial court's instructions, and, considering the same as a whole, find no reversible error therein. A further reason why the judgment should be affirmed is that, after a careful reading of the record and an examination thereof, we are firmly convinced there is no probability a different result might be had on a new trial. This court should not as a general rule reverse a judgment and grant a new trial where there is no probability a different result might

be had on such new trial. Blackorby v. Ginther, 34 N. D. 258, 158 N. W. 354.

The judgment is affirmed, with costs.

CHRISTIANSON, J. I concur in result.

ROBINSON, J. This is a second action against defendant to recover a commission for helping him make a sale of certain hotel property in Minot. In the first action plaintiff sought to recover as the reasonable value of his services a commission of $300. In this action he sues to recover 5 per cent on $10,000. The jury found against him and he appeals. The complaint avers that the defendant agreed to pay a commission of 5 per cent on the sale value of the property if the plaintiff secured a purchaser. That plaintiff did secure a purchaser and a sale at the agreed price of $10,000. The answer is a general denial. The issues were immensely simple and afforded little chance for either court or jury to fall into error.

The property in question consists of two lots on which there was a hotel known as the "Home Hotel" and on the back end of one lot there was a dwelling house worth about $1,000. This property Coddington himself sold to Mrs. Huermann for $10,000 on or about March 15, 1915. When the Coddingtons talked with the plaintiff about making a sale of the Home Hotel for $10,000 it was distinctly stated that the dwelling house was not to be included. That clearly appears from the testimony of the plaintiff himself, as given on both trials, and it clearly appears from the positive testimony of Mr. and Mrs. Coddington. The plaintiff was never in any way retained or employed to sell the hotel property with the dwelling house on the rear end of the lots.

The court might well have directed a verdict against the plaintiff. There was no evidence to sustain a verdict in his favor. The case is entirely clear, and there is nothing to be gained from quoting or discussing the testimony. Judgment affirmed.

On Rehearing.

ROBINSON, J. As the record shows, the plaintiff had no reasonable cause or excuse for the prosecution of this action, and yet there is filed a motion for rehearing which is in keeping with the action. It is in

gross violation of professional ethics and the rules of the court, and hence it is denied, with censure.

GRACE, J. I concur in the denial of the petition for rehearing.